FRANK KELLY v. THE STATE.

*No. 1303.   Decided December 2nd, 1896.*

#### 1.  Assistant County Attorney—Complaint Made Before.

Where the complaint, which was the basis of the information, was made before the Assistant County Attorney, it will be presumed, in the absence of proof to the contrary, that said officer possessed all the qualifications prescribed by law for Assistant County Attorneys. Rev. Stats., Art. 281.

#### 2.  Continuance—Bill of Exceptions.

Unless a bill of exceptions was saved to the overruling of an application for continuance, the matter will not be revised on appeal.

#### 3.  Plea in Bar—Agreement of Prosecuting Attorney to Dismiss the Case.

A County Attorney is only authorized to dismiss a case upon compliance with the requirements of Art. 37, Code Crim. Proc., requiring a written statement by him of the reasons to be filed with the papers in the case, and, with permission to dismiss by the judge presiding; such reasons also to be incorporated in the judgment of dismissal. And a plea in bar setting up a contract and agreement of the prosecuting attorney to dismiss a case is worthless, unless it, in substance, shows a compliance with the statutory requirements.

#### 4.  Verdict.

A verdict, "We, the jury. find defendant guilty as charged in the information, and assess his punishment at a fine of $30.100/100,00 and fifteen days in confinement in county jail," is neither defective or uncertain.

APPEAL from the County Court of Lamar. Tried below before Hon. J. C. HUNT, County Judge.

Appeal from a conviction for keeping and exhibiting a gaming bank, etc.; penalty, a fine of $30 and fifteen days' imprisonment in the county jail.

The opinion sufficiently states all the matters pertaining to the case as presented by the appeal.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted in the County Court of Lamar County for keeping and exhibiting, for the purpose of gaming, a gaming table and bank, was fined $30, and given fifteen days' imprisonment in the county jail; hence this appeal. Motion to quash the indictment was presented and overruled. We think the indictment is sufficient. The complaint was sworn to before L. L. Hardison, Assistant County Attorney for Lamar County. Motion is made to quash this complaint because the Assistant County Attorney had no authority to administer oaths. We presume, without proof to the contrary, that the Commissioners' Court of Lamar County appointed L. L. Hardison, Assistant County Attorney, that this appointment was in writing, and that Hardison possessed all of the qualifications prescribed by law for Assistant County Attorneys, etc. See, Art. 281, Rev. Stat., 1895. A motion to continue the cause was submitted to the court, and overruled. No bill of exceptions was reserved to the action of the court in this matter; hence it cannot be considered. Appellant interposed a plea in bar to the prosecution, in substance that he had made a contract with the County Attorney that, if he would plead guilty to one indictment for gaming (not keeping and exhibiting a banking game, but simply gaming), the three indictments pending against him for keeping and exhibiting a gaming table and bank would be dismissed; that he complied with his part of the contract by pleading guilty and paying the fine in one case. There was a demurrer presented to this plea, which was sustained by the court, and appellant excepted. We do not think the exception was well taken, and the court acted properly in sustaining the demurrer. The County Attorney has no right or authority to nol pros. or dismiss a prosecution unless he complies with the law regulating this matter. "The County Attorney may, by permission of the court, dismiss a criminal action at any time, upon complying with the requirements of Article 37 of this Code." Code Crim. Proc., 1895, Art. 630. Article 37 provides, "that the County Attorney shall not dismiss a case unless he shall file a written statement with the papers in the case, setting out his reasons for such dismissal, which reasons shall be incorporated in the judgment of dismissal, and no case shall be dismissed without the permission of the presiding judge, who shall be satisfied that the reasons so stated are good and sufficient to authorize such dismissal." This question could hardly arise in any case, for, if the statute is complied with, the case would be dismissed before the question could arise; for under no circumstances can it be dismissed without the permission of the presiding judge, and this permission would usually be given by dismissing the case upon the County Attorney's complying with this article. The appellant's plea, to be sufficient, must set forth the fact that the County Attorney had filed a written statement with the papers in the cause, setting forth his reasons for dismissal, and that the presiding judge had given his permission that the prosecution should be dismissed. Unless the plea contains the substance of the above, it is worthless. Complaint is made that the verdict is unintelli-

36th Texas Crim. Rep.—31.

gible. It is as follows: "We the jury find the defendant guilty as charged in the information and assess his punishment at a fine of $30.-100/100,00 dollars and 15 days in confinement in county jail. [Signed] J. L. Jones, Foreman." This verdict is plain and simple. The punishment imposed was a fine of $30, and confinement in the county jail for fifteen days. There is no uncertainty about this. We find no error in this record, and the judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.