## EX PARTE WILL GIBSON.

### No. 2137. Decided April 24, 1901.

**Agreement to Turn State's Evidence.**

An agreement and contract with the county attorney, that an accused party shall have immunity from punishment if he will turn State's evidence and testify against his confederates charged with the crime, is not binding upon the State until the judge has agreed and consented to the same; nor can it be availed of by the accused until he has fully complied with his contract and testified according to the conditions and terms of the same. The fact that a party is in jail ready, willing and waiting to testify, and unable to give bond, will not entitle

him to discharge under the contract. The cases in which the agreement was made must have been tried and finally disposed of before he can claim an enforcement of his agreement.

APPEAL from the District Court of Tarrant. Tried below before Hon. IRBY DUNKLIN.

Appeal from an order of court remanding relator to custody upon a hearing on habeas corpus for discharge.

The opinion states the case.

No briefs for either party have come to the hands of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for respondent.

BROOKS, JUDGE.—Relator filed an application for the writ of habeas corpus before Hon. Irby Dunklin, Judge of the Forty-eighth Judicial District of Texas. The proof upon the hearing of the application shows that appellant was restrained of his liberty by virtue of two legal warrants for theft of cattle. Appellant, however, insists that he should be released from custody because of a contract made with the sheriff, through the advice and consent of the county attorney, that if he would turn State's evidence, and tell all he knew about theft of cattle or any other offense, and would testify to it and all the facts on the trial of cases against each defendant, the sheriff would use his influence with the county attorney to get relator's case dismissed. At the time of this agreement on the part of the sheriff with relator there were no cases pending against him, but subsequently relator was indicted, and the two warrants above mentioned were issued. Appellant testified before the grand jury, and the county attorney was present and agreed to carry out the agreement made by relator with the sheriff not to prosecute him if he would testify against all these parties in all of the trials. The parties referred to appear to be one Calvin Catterall and Calvin. Catterall has never been arrested, and Calvin has been arrested, but his case has been continued for two terms of court. Appellant has always been ready and willing to testify in either of these cases, and is unable to give bond. In Tullis v. State, 41 Texas Criminal Reports, 87, we held, under articles 37 and 630, White's Annotated Code of Criminal Procedure, that an agreement on the part of the district attorney to dismiss a case, provided defendant would turn State's evidence, is not binding on the State if the judge does not consent thereto. These articles merely authorize the dismissal if the consent of the court is obtained. The evidence before us does not show that such consent of the judge was obtained. Furthermore, if the judge's consent had been obtained, and the court was a party to the agreement of the county attorney, yet relator would not be entitled to his release until he had fully complied with his contract to testify against the parties. The mere fact that appellant could not give bail would not alter the case. We held in Ex Parte Greenhaw, 41 Texas Criminal Reports, 278, that a party is not entitled to immunity from prosecution

until the cases in which he has made agreement to testify have been tried and finally disposed of. Appellant insists, however, that one of the parties has not been arrested, and this would entitle him to his discharge. We can not agrée to this, even as indicated above, had the judge consented to the contract, since the case against Calvin is still on the docket, and is likely to be tried at the first term of court following this decision. We therefore hold that relator is not entitled to be discharged, for two reasons: (1) that the contract made with the county attorney is not binding, as the district judge did not agree to the same; (2) because relator has not fully complied with his contract, and testified according to the conditions and terms of same. No error appearing in the record, the judgment is affirmed.

*Affirmed.*