### Ex Parte Elmer Isbell.

#### No. 2969.     Decided May 10, 1905.

**Local Option—Habeas Corpus—Dismissal of Prosecution.**

Where relator was convicted of a violation of the local option law upon an indictment which had been dismissed at a previous term of the court, he is upon writ of habeas corpus entitled to his discharge, notwithstanding the reasons for the county attorney's dismissal did not appear in the judgment of dismissal, as required by article ᴧ37, Code Criminal Procedure, and this issue was not raised by motion for new trial.

Appeal from an order of the District Judge of Hill, remanding relator to custody, upon habeas corpus proceedings. Tried below before Hon. O. L. Lockett.

The opinion states the case.

No brief for relator has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.—Kelly v. State, 36 Texas Crim. Rep., 480; Parchman v. State, 2 Texas Crim. App., 228.

BROOKS, Judge.—Appellant was indicted for violating the local option law in Hill County. The indictment is in proper form, and presented by the grand jury on April 2, 1904, and numbered on the docket 6886. On November 26, 1904, an order was entered by the county court, dismissing said cause No. 6886. The judgment of dismissal does not contain the reasons of the county attorney upon which the motion to dismiss was based. However, the judgment recites that a written statement was filed by the State's attorney asking for permission to dismiss said cause. No motion of the county attorney was filed among the papers. At the subsequent term of the county court, on January 17, 1905, appellant was tried and convicted in said cause by virtue of said indictment. Appellant's attorney discovered after, too late to file motion for new trial, that said judgment of dismissal had

been entered at the previous term of the court. The record shows that neither appellant's counsel, nor the then county attorney or county judge knew that said judgment of dismissal had been entered. Neither of said officers were so acting when the judgment of dismissal was entered. Appellant is confined at the county poor farm for the purpose of discharging the amount of the fine and costs under this conviction. He sued out writ of habeas corpus under the above state of facts, and being remanded by the district judge, he appeals to this court. He insists that the conviction was void, the case having been dismissed and not reinstated. The Assistant Attorney-General resists appellant's discharge, for the reason that the attempted dismissal was void, in fact the case was never dismissed, for two reasons; first, because there was no evidence before the district judge who heard this case on habeas corpus to sustain him in finding that the county attorney did not file a written statement in the papers setting out his reasons for asking a dismissal; and second, because the judgment fails to incorporate the reasons upon which the judgment of dismissal was based. That article 37, Code Criminal Procedure, is mandatory, and should be strictly complied with, both by the State's attorney and the court. To support this contention he cites us to Kelly v. State, 36 Texas Crim. Rep., 480, and Parchman v. State, 2 Texas Crim. App., 228. In the first case, we held that the county attorney is only authorized to dismiss a case upon compliance with the requirement of article 37, Code Criminal Procedure, which requires a written statement by him with the reasons to be filed with the papers in the case, and with the permission to dismiss by the judge presiding, and such reasons also be incorporated in the judgment of dismissal; and that a plea in bar setting up a contract or agreement of the county attorney to dismiss a case is worthless unless it, in substance, shows a compliance with the statutory requirement. Since this case was written we have re-affirmed it in Maeyers v. State, 49 S. W. Rep., 381; Tullis v. State, 41 Texas Crim. Rep., 87. However, we do not think this case is authority for the proposition that where the judge does not comply with article 37 in the dismissal of a case, that the case is not dismissed. The article in question must be complied with in order to secure, as stated in said opinion, immunity from subsequent prosecution under an agreement with the county attorney; but we do not mean, nor did we decide that the case could not be dismissed from the docket without a literal compliance with said article. In Parchman's case, supra, we held that though the act of 1876, regulating the duties of county attorneys prohibits the dismissal of a prosecution unless a written statement of his reasons for the dismissal be filed by the county attorney, yet if with the permission of the judge, though over the protests of the accused, the county attorney has judgment of dismissal entered, without filing such statement, the omission of the statement is not available to the accused against a subsequent indictment. This authority appears to support the proposition that the dismissal under consideration was a valid dismissal, so far as the taking of the case off

the docket of the County Court of Hill County. Before appellant could be prosecuted for the offense, there would have to be a new indictment or information. A failure to comply literally with article 37, would not preclude said subsequent prosecution. The dismissal was a dismissal of the case, and this being true applicant was entitled to his writ of habeas corpus to be released from the prosecution predicated upon the dismissed indictment, and it is so ordered. The judgment is reversed and relator ordered discharged.

*Relator discharged.*