## E. W. FELTS v. THE STATE.

### No. 4260.   Decided February 26, 1908.

**1.—Theft from the Person—Receiving Stolen Property—Charge of Court.**

Where upon trial for theft from the person and theft, the evidence raised the issue of receiving stolen property, a requested charge submitting this theory of the case should have been given.

**2.—Same—Receiving Stolen Property—Circumstantial Evidence.**

Where upon trial for theft, theft from the person, etc., the evidence was circumstantial as to how the alleged money was taken, several parties being involved, and the defendant, if guilty at all, was guilty of receiving some of the alleged stolen money, after it was taken by his codefendant, a charge of the court properly submitting this phase of the case should have been given as requested.

Appeal from the District Court of Dallam. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Del W. Harrington & C. J. Carter,* for appellant.—On question of receiving stolen property: Thornton v. State, 65 S. W. Rep., 1105; Doss v. State, 28 Texas Crim. App., 506.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a companion case to Hooton v. State, this day affirmed. Hooton was convicted of theft, whereas appellant was convicted of theft from the person.

The evidence, to say the least of it, is very meager in regard to appellant's connection with the case. There is no evidence in this record showing that appellant ever touched the person of the alleged injured party. The testimony discloses that Hoskinson, the alleged owner, became stupidly drunk or under the influence of some narcotic, which put him into an unconscious stupor. Before becoming stupefied, and while treating quite a crowd, Hoskinson was displaying his money about the counter of the saloon, consisting principally of $20 currency bills. So far as the record discloses he was not out of the saloon, but his money disappeared. Hooton, appellant and appellant's brother, and another party or two were seen with $20 bills. By taking the entire number of these bills they corresponded fairly well with the number lost by Hoskinson. The two bartenders in the saloon were used as witnesses, but did not testify to facts which showed that the person of Hoskinson was touched by any of the named parties. Hoskinson's pocket-book was found at a water-closet some sixty feet or such matter from the saloon, and it is shown that Hooton conveyed it to this point. In Hooton's case, the jury having convicted of ordinary theft, the evidence was held sufficient, and the facts in that case were decidedly stronger than against the other parties, tending to put him near the person of Hoskinson after the bills were displayed on the counter. Appellant and his brother being suspected, were followed to the train, by the sheriff, and Dillworth, the owner of the bar. Dillworth there had a conversation with appellant and secured two of the supposed lost $20 bills from him or his brother. Dillworth told appellant's brother, while at the train, that he knew they had some of the money, which they and others had taken from old man Hoskinson at his saloon; and further said, if they did not give it up he would have to run them in. One of the two gave Dillworth some paper money, and stated that was all they had gotten. The sheriff said he could not tell which one gave the money. They were then arrested.

Appellant testified in his own behalf in regard to the transaction at the train and the money as follows: "We got the two $20 bills which Mr. Dillworth got from my brother at the freight train the day we were arrested, from E. E. Hooton, called 'Red,' a codefendant in this case, who loaned it to my brother. We neither took the money from Mr. Hoskinson, although we were in the saloon together with him and drank at the bar with him. I did not see the money that Mr. Hoskinson spread out on the table or bar. My brother gave up the money to Dillworth. We had the two twenty's then, and yet we were going to beat our way." It seems their purpose was to go to Amarillo on the train.

Appellant asked a charge to the effect, that if he received the money from Hooton, after being stolen by him (Hooton) that he would not be guilty of theft, but of receiving stolen property. This was refused. This was error. This theory is raised by the testimony. He could not be guilty of theft of the money from the person of Hoskinson if he received the property from either Hooton or his brother after Hooton had committed the theft.

A charge as also asked with reference to the identity of the bills; that is, before they could convict appellant for the theft of the money, the evidence should show that it was the money taken from the person of Hoskinson. It was a case of circumstantial evidence pure and simple, and reliance of the State to identify the bills consisted of evidence, to the effect, that Hoskinson had lost several $20 bills, and that appellant or his brother received two $20 bills from Hooton. Of course, if they were the $20 bills taken from the person of Hoskinson, and appellant assisted in taking them, as a principal he would be guilty of theft, but if not, and he afterwards received them, knowing them to be stolen, he would be guilty as a receiver and not as a taker. Before a conviction could be had on either branch of the testimony, the evidence must reasonably show that the $20 bills traced or sought to be traced to appellant's possession were taken from Hoskinson.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*