(86 Tex. Cr. R. 438)

SURGINER v. STATE. (No. 5387.)

(Court of Criminal Appeals of Texas. June 18, 1919. On Motion for Rehearing, Dec. 17, 1919.)

1. CRIMINAL LAW ⟨⟩302(2)—AGREEMENT TO DISMISS NOT BINDING UNLESS APPROVED BY TRIAL JUDGE.

Code Crim. Proc. 1911, art. 37, provides the manner in which pending criminal cases may be dismissed, and leaves the final decision in such matters to the trial judge, so that the state is not bound by the agreement of a prosecuting attorney to dismiss, where the agreement has not been approved by the court.

2. WITNESSES ⟨⟩372(2)—CROSS-EXAMINATION TO SHOW ANIMUS OF PROSECUTING WITNESS PROPERLY DENIED.

In a prosecution for the illegal sale of intoxicating liquors, the refusal to allow the prosecuting witness to be asked if he had not given the defendant bad checks in order to show witness' ill feeling toward defendant was not error, since such fact would not show ill feeling on the part of the person giving the checks, although it might tend to show ill will on the

part of defendant, who had parted with his money.

3. CRIMINAL LAW ⟨⟩1090(8)—ADMISSION OF TESTIMONY NOT REVIEWABLE UNLESS PRESENTED BY BILL OF EXCEPTIONS.

Errors in the admission of testimony complained of in a motion for new trial, where not preserved or presented on appeal by bill of exceptions, cannot be considered.

4. CRIMINAL LAW ⟨⟩742(1)—CREDIBILITY A JURY QUESTION.

In a prosecution for the illegal sale of intoxicating liquors, the credibility of the witnesses is for the jury.

5. CRIMINAL LAW ⟨⟩304(2)—JUDICIAL NOTICE OF CHARACTER OF WITNESSES FREQUENTING PLACES WHERE DRINKS ARE DISPENSED.

It is well known that the character of the men who frequent places where intoxicating liquor may be easily obtained and drinks are dispensed is not expected to be of the best weight.

On Motion for Rehearing.

6. CRIMINAL LAW ⟨⟩1120(8)—SUFFICIENCY OF OBJECTION IN BILL OF EXCEPTIONS TO ADMISSIBILITY OF EVIDENCE.

Where a bill of exceptions consists of a large number of questions and answers, to all of which a general objection was made, and the questions and answers, anterior to one seeking to connect defendant with the illegal sale of intoxicating liquors inquired about, were but preliminary, the bill should be considered as presenting the latter objection to prosecuting witness' testimony of a sale of whisky by one other than defendant.

7. CRIMINAL LAW ⟨⟩338(4, 5)—EVIDENCE OF SALE NOT AUTHORIZED BY OR KNOWN TO DEFENDANT ADMISSIBLE.

In prosecution for the illegal sale of intoxicating liquors in local option territory, testimony of prosecuting witness that another had sold him whisky at defendant's place of business was inadmissible, where it was not shown that defendant was present when such sale was made, nor that he authorized or knew of the same, and where such sale is not the basis of present prosecution.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Charlie Surginer was convicted of illegal sale of intoxicating liquor in local option territory, and he appeals. Reversed and remanded for new trial upon rehearing.

Tom M. Hamilton and J. A. Kibler, both of Waco, and Black & Smedley, of Austin, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted of the illegal sale of liquor in local option territory, and his punishment fixed at one year's confinement in the penitentiary.

[1] When the case was called for trial ap-

pellant made a motion for the entry of a nunc pro tunc order dismissing the case from the docket, supporting same by the affidavit of the former county attorney, in which it is stated he dismissed a certain case against appellant and notified appellant's attorney of that fact and thought he called the attention of the court to his request for such dismissal. No effort is made to show that the trial court ever made any order of dismissal or agreed thereto. Article 37, Code Crim. Proc., provides the manner in which pending criminal cases may be dismissed, and the final decision in such matter is left with the trial judge. It has often been held by this court that where the provisions of said article are not complied with, the state is not bound by the agreement of the prosecuting attorney to dismiss, and that when such agreement is made by the prosecuting attorney it is of no force unless approved by the court. Vincent v. State, 55 S. W. 819; Ex parte Gibson, 42 Tex. Cr. R. 653, 62 S. W. 755; Fleming v. State, 28 Tex. App. 234, 12 S. W. 605; Kelly v. State, 36 Tex. Cr. R. 480, 38 S. W. 39.

[2] Appellant has a bill of exceptions to the refusal of the trial court to allow the prosecuting witness Harris to be asked if he had not given appellant bad checks, it being the apparent purpose of such testimony to show ill feeling on the part of said witness towards appellant. No authorities are cited in support of this contention, and we are unable to see how such facts could show, or tend to show, ill will or prejudice on the part of such witness. Such testimony might tend to prove that a party would not or could not pay his debts, and might be introduced to show some cause for ill will or animus on the part of the man who had parted with his money, but there is nothing in such fact to show any feeling on the part of the person giving such checks.

Appellant's third bill of exceptions cannot be considered by us, as the same consists of numerous questions and answers, followed by the general statement "to all of which testimony defendant objects," etc. Many of said questions are competent, and such bill is not sufficient under the rules of this court to present any error.

[3] Many errors in the admission of testimony are complained of in the motion for new trial, but as the same are not preserved or presented here by bill of exceptions this court cannot consider same.

[4, 5] It is complained that the evidence is insufficient to support the verdict because of the fact that the character and reputation of the prosecuting witness were assailed. This witness lived in Aquilla, Hill county, a distance of 20 miles from Waco, the place of trial and the place where the attacking witnesses lived. A number of said witnesses had known the prosecuting witness only a short time, and several of them disclosed that they testified from personal motives and of matters of which they were not able to speak with proper information, and most of them were connected with appellant in various ways. The prosecuting witness appeared to shield the appellant as much as he dared, and it is apparent that he showed strong desire not to make out any case against him. The credibility of the witnesses is for the jury, and it is well known that the character of the men who frequent places where liquor may be easily obtained and drinks are dispensed is not expected to be of such brightness as to shine as the sun.

The question of agency vel non on the part of the appellant in the procurement of the liquor for the prosecuting witness was pertinently submitted to the jury which found against that theory. The verdict is not without support and will be affirmed.

### On Motion for Rehearing.

[6, 7] This case is before us upon appellant's motion for a rehearing in which the contention is made that in our original opinion, in passing upon his third bill of exceptions, we erred in refusing to consider the same, for the reason stated by us that as said bill appears in the record, it consists of a large number of questions and answers, to all of which a general objection was made, and that as some of said questions and answers were competent, this general objection was insufficient to call for our consideration.

We have concluded that there is merit in appellant's contention, and that the other questions and answers inserted in said bill, anterior to the one directly seeking to connect appellant with the selling of the liquor inquired about, were but preliminary, and that we should have considered said bill as presenting appellant's objection to permitting the state to show by the prosecuting witness, Harris, that one Felix Girard sold the said Harris whisky at the place of business of appellant at other times than as laid in the instant case.

The evidence of Harris was inadmissible. He testified over objection that Felix Girard had sold him whisky at appellant's place of business. It is not shown that appellant was present when such sale was made, nor that he authorized or knew of the same; nor is this the sale upon which the prosecution is predicated. The evidence was very damaging to appellant, and in our opinion the objection to the same should have been sustained.

The motion for rehearing is granted, the judgment of affirmance set aside, and the cause is reversed and remanded for a new trial.