GEORGE MOORE v. THE STATE.

No. 5011.   Decided June 27, 1919.

1.—Theft of Automobile—Accomplice—Corroboration.

See opinion on the question of corroboration of accomplice testimony, upon which there is a difference on opinion.

2.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of theft of an automobile, the evidence was such as to require a charge on circumstantial evidence, the court's failure to do so is reversible error.

Appeal from the District Court of McLennan; tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of theft of an automobile; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. A. Kibler, Sutleff & Cummings* and *Chas. L. Black,* for appellont.—On question of circumstantial evidence: Childres v. State, 37 Texas Crim. Rep., 392; Felt v. State, 53 id., 48; Roebuck v. State, 49 id., 689; Goode v. State, 56 id., 418; Pace v. State, 41 id., 203.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charged appellant with theft of an automobile. Tiller, the accomplice, testified substantially that he and appellant stole an automobile in Waco and carried it to Carthage in Panola County and disposed of it. More specifically, Tiller testified when they reached Carthage with the

automobile they went to a hotel, it being about the middle of the night, and the next day or so he disposed of the car; that appellant was not present and did not participate in the sale, that when the sale was consummated he conferred with appellant and appellant agreed to and sanctioned the sale, that the purchaser was not aware appellant had anything to do with the transaction. That he, Tiller, had appellant to write a bill of sale to the car to the purchaser but appellant did not sign his true name. It is sufficiently shown that appellant was in Carthage at the time these matters occurred. Tiller testified further that appellant wrote and signed a bill of sale, and they finally returned to Waco. The alleged owner of the car testified that it was stolen from the streets of Waco, and seven months afterward he went to Carthage and identified a car as being the one stolen from him. It was in the possession of the doctor to whom Tiller says he sold it. The bill of sale was secured in some way and introduced in evidence. The alleged purchaser was not a witness in the case. This bill of sale was introduced before the jury, and appellant's known signature to an application for continuance, and also one to motion for severance was introduced. We suppose this was for the purpose of comparison of handwriting. There was no evidence from the jury or any other source in regard to the similarity of handwriting between the bill of sale introduced in evidence and the signature of appellant shown to be genuine on the two motions above specified.

One of appellant's contentions is that the evidence is not sufficient to corroborate the accomplice. The general proposition is correctly stated that where the accomplice testifies to positive facts with reference to a criminal act for which conviction is sought, evidence tending to connect the defendant would justify the jury in arriving at a conclusion as to the sufficiency of the evidence. The evidence may be regarded as sufficient to show that appellant was in Carthage at the time of the sale of the car, and from the circumstances the jury might infer that he went with Tiller from Waco to Carthage in the car. It is more than questionable that Tiller was corroborated as to the fact that appellant was in or left Waco with Tiller. There is no evidence, as we understand the record, that corroborates the accomplice that appellant wrote the bill of sale. There is some corroboration of Tiller as to the fact that the car found in possession of the doctor seven months after the sale was the car that Tiller says he sold to the doctor and which he says appellant assisted him in selling. The doctor was not brought as a witness to identify this car as the one he bought at that time. Seven months afterward McBride, the alleged owner, found his missing car in possession of this doctor at Carthage, but the evidence is not sufficient to show that this was the car mentioned in the bill of sale, or that appellant wrote the bill of sale independent of the accomplice testimony. The identification seven months after the

theft that this was the particular car we think is hardly sufficient. The State could have produced the doctor who brought the car to show that the car that he bought from Tiller. There is no reason given why he was not brought, and if we omit the testimony of the accomplice there is nothing to show that this particular car was the car sold to this doctor before the alleged owner identified it. The State could have attempted to prove similarity of handwriting as to whether the name of appellant signed to the bill of sale, if he did sign it, was in the same handwriting as that recognized to be genuine in his signature to the motion for continuance and motion to sever in other cases. This case has not been satisfactorily proved, and we are of opinion that under the statement above the evidence is too weak, incoherent and indefinite to sustain this conviction, and there is no reason given why the State did not use the doctor's testimony in connecting up these matters if they could have so proved by him. They could have shown by the doctor whether or not this was the particular car he bought about which Tiller testified. The doctor could have bought this car subsequently and appellant not be connected with it. If this was not the car sold at the time to the doctor, known as the McBride car, then the evidence is not sufficient, and there is a want of connection in the testimony that, legally speaking, renders the testimony insufficient. In our opinion this judgment ought not to be affirmed, and it is, therefore, reversed and the cause remanded.

PRENDERGAST, JUDGE, dissenting.

*Reversed and remanded.*

ON REHEARING.

January 29, 1919.

MORROW, JUDGE.—In the opinion of the writer, the evidence is legally sufficient to support the verdict.

The owner of a Ford automobile, with a Dallas number upon it, left it standing on one of the streets at Waco on January 2, 1917. He, about seven months later, found it at Carthage, Texas, in the possession of Dr. Hull. It contained marks enabling him to identify it. The appellant, George Moore and Noble Tiller resided at Waco, at the time the car was lost, Tiller having for sometime previous thereto, been an employee of Moore. A witness testified that he saw the appellant and Noble Tiller together in the winter of 1917, sometime after Christmas, at Carthage, Texas, in a Ford car which was afterwards purchased by Dr. Hull, a resident of Carthage. The witness saw them in the car more than once—saw them get into the car at the hotel—but the witness was not present when the car was sold to Dr. Hull. The keeper of the hotel at Carthage testified that

in January or February, 1917, Noble Tiller and the appellant came to his hotel together in an automobile at night time and remained until the following afternoon. Tiller testified that he and appellant were riding together in appellant's car in Waco when they saw the automobile in question, appellant remarking that it had a Dallas number upon it. That appellant drove it to his father's barn, and about ten o'clock that night the witness and appellant got in the car and drove to Carthage by way of Corsicana; that the following morning, while he was at the garage he met Dr. Hull who proposed to buy the car; that the witness told him that another was the owner of it and then went to the hotel and told appellant that Hull would pay $250 for it; that appellant wrote a bill of sale to Hull, signing it George Mooney. That they got the money and went to Shreveport. They reached Carthage about twelve o'clock at night. The bill of sale dated January 3, 1917, conveying one Ford car to Dr. Hull for $265, signed George Mooney, was introduced in evidence, Tiller identifying it and testifying that it was written and signed by the appellant.

Specimens of appellant's handwriting, consisting of his signature made to papers in connection with the trial, were introduced in evidence without objection for the purpose of comparison. The writings introduced for comparison had admitted signature of appellant, and were competent, on inspection by the jury, to corroborate the accomplice as to the signature of the bill of sale. Chester v. State, 23 Texas Crim. App., 583; Mahon v. State, 46 Texas Crim. Rep., 240; Williams v. State, 27 Texas Crim. App., 471; Ferguson v. State, 61 Texas Crim. Rep., 152.

We believe that in holding that there was not sufficient corroboration of the accomplice, Tiller, we were in error. The fact that appellant and the accomplice resided in Waco and were connected in a business way, and that they were seen in joint possession of the car, which circumstances are sufficient to identify it as the one sold to Dr. Hull on the day following its disappearance from Waco; their association together at Carthage, arriving in a car at night time, remaining until the car was disposed of to Dr. Hull, leaving together, the evidence showing that appellant wrote the bill of sale signed by him, together with his signature introduced and used by the jury for the purpose of comparison, supplemented by the fact that the automobile was subsequently obtained by the owner from the possession of Dr. Hull at Carthage, furnish sufficient evidence of corroboration to justify the verdict.

The judgment heretofore rendered reversing and remanding the cause is set aside, the State's motion for rehearing granted, and the judgment of the district court affirmed.

*Affirmed.*

June 27, 1919.

LATTIMORE, JUDGE.—It is urged that this court erred in its opinion affirming this case, in not passing on the question and reversing the case for the failure of the trial court to charge on circumstantial evidence. It appears that this contention was not stressed on the former presentation, and this point was overlooked in the former opinion. We are of opinion that the contention of appellant is sound. Exception was duly reversed to the failure of the trial court to charge on circumstantial evidence, and the point is properly brought before us in the record. Briefly, the evidence shows that Mr. McBride says he lost a Ford car in Waco in January, 1917, which car some seven months later he got back from Dr. Hull in Carthage, Texas.

One Tiller testifies that he and appellant tood a Ford car in Waco early in January, 1917, and carried it to Carthage, and sold it to Dr. Hull.

Two witnesses testified to seeing Tiller and appellant in a Ford car together at Carthage early in 1917. Dr. Hull was not used as a witness, and the car taken by appellant and Tiller was not in any way connected, except by circumstances, with the one recovered from Dr. Hull and Mr. McBride. Nor was the car recovered from Dr. Hull by McBirde identified by the accomplice Tiller as being the one taken by himself and appellant. Testimony of the character, either by Dr. Hull or by Tiller, would have taken the case out of the rule of circumstantial evidence, but same is wholly wanting. The identity of stolen property is a material fact, and while it may be proven by circumstances as in this case, this must be submitted in the charge. Pierson v. State, 78 Texas Crim. Rep., 275, 180 S. W. Rep., 1080; Felts v. State, 53 Texas Crim. Rep., 48; Childers v. State, 37 Texas Crim. Rep., 392.

The accomplice testified he and appellant took a Ford car in Waco, which they sold to Dr. Hull in Carthage. The owner said he lost a Ford car in Waco, which he got back from Dr. Hull in Carthage. The identity of the car taken and of the Dr. Hull to whom it was sold with that of the car recovered and Dr. Hull from whom it was recovered were both deductions from the circumstances. The court should have charged on this character of evidence.

The motion for rehearing is granted, the affirmance set aside, and the judgment reversed and the cause remanded for another trial.

*Reversed and remanded.*