## IKE ROBERTSON v. THE STATE.

*No. 469.   Decided May 16.*

Burglary—Possession of Stolen Property—Charge—Circumstantial Testimony.—On a trial for burglary, where the State relied solely upon the defendant's possession of property stolen from the burglarized house, *Held*, error for the court not to instruct the jury upon the law of circumstantial testimony.

APPEAL from the District Court of Hill.   Tried below before Hon. A. P. McKINNON, Special Judge.

This appeal is from a judgment of conviction for burglary with intent to commit theft, the punishment assessed being six years in the penitentiary.

The house of O. D. Harris was burglarized on the night of January 22, 1894, and a pistol belonging to Harris was stolen from the house. On the next day appellant was found in possession of, and was arrested for carrying, a pistol.   This was proved to be the stolen pistol missed by Harris from the burglarized house; and this was the main inculpatory fact proved on the trial, there being no other fact proved connect-

ing defendant directly with the burglary. The charge of the court was excepted to by defendant, because it omitted to instruct the jury upon the law of circumstantial evidence.

*J. T. Williams,* for appellant, filed an able and interesting brief.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The State relied solely for conviction upon defendant's being seen in possession of a pistol stolen from the burglarized house. He was seen with it the morning after the burglary, and about 9:30 o'clock. He testified that he spent the night at West Station, some miles distant from the scene of the crime, and came there on the train, and purchased the pistol from a young negro about 8 o'clock the same morning. The case was one depending solely upon circumstantial evidence to support the conviction. The court omitted a charge applicable to this state of case, and appellant duly reserved his exceptions. The omission is fatal to the conviction. Upon another trial, the law in relation to alibi should also be given in charge to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.