## Charles Holland v. The State.

### No. 2535.   Decided May 20, 1903.

**1.—Burglary—Private Residence—Room in Hotel—Variance.**

Where the indictment alleged the burglary of a private residence, and the proof showed a room in a hotel rented and used by prosecutor as a private residence, there was no variance. The room was a private residence in contemplation of law.

**2.—Same—Punishment.**

If a burglary is committed in a private residence, in the daytime, the penalty is not less than two nor more than twelve years. If it was in the nighttime, the penalty would be not less than five years.

**3.—Same—Circumstantial Evidence.**

See opinion for facts stated, upon which the court did not err in refusing to charge upon circumstantial evidence.

Appeal from the Criminal District Court of Harris.   Tried below before Hon. J. K. P. Gillaspie. ·

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary. .

The opinion states the evidence.

· No brief on file for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of burglary and his punishment assessed at confinement in the penitentiary for a term of three years.

Bill number 1 complains that the court erred in permitting the State to prove by prosecutor that the room burglarized was in a hotel; appellant's contention being, that inasmuch as the indictment alleged the house to be a private residence and the proof shows that it was a room in a hotel, there is a fatal variance between the allegation and the proof in this respect.   The bill of exceptions and the evidence shows that prosecutor was renting the room, and was residing in the same as a private residence at the time it was burglarized.   Under the circumstances the room was a private residence within contemplation of the law.   Ulman v. State, 1 Texas Crim. App., 220; see, also, art. · 645c, Penal Code, Acts 26th Leg., p. 319.

Appellant complains of the court's charge because it authorized the jury to assess his punishment on conviction by confinement in the State penitentiary for not less than two nor more than twelve years, when the statute provides the punishment for burglary of a private residence is not less than five years.   As stated, if a burglary is committed on a private residence in the daytime, the fact of it being a private residence does not change the punishment, but is as stated by the court.   If the burglary is committed on a private residence at night, or if this burglary had been committed at night (though the evidence shows the con-

trary), then the court would have been in error in stating the punishment as he did. See Williams v. State, 2 Texas Ct. Rep., 359.

Appellant also insists that the court erred in failing to charge the jury the law of circumstantial evidence. The evidence establishing the burglary is not circumstantial. Schroeder testified, when he left the room, he closed the door but did not lock it, only pulled it shut so as to latch it. On cross-examination, he testified: "I did not lock the door as I went out of the room; only pulled it shut. I can not say whether it was opened by some other than defendant before defendant went into the room. I would not say that the door could not have been opened by some other means than the turning of the knob by defendant, but it must have been turned by some one. It was probably two or three minutes from the time I went down stairs until my wife went up stairs to our room and I heard her scream." The wife of the prosecutor testified, "that on the morning of December 28th, between 7 and 8 o'clock, my husband came down stairs into the dining room, where I was, and asked me to go up stairs to my room and get some change in money which he had left. When I reached our room I saw defendant in the room; don't know whether the door was closed when defendant entered the room, as my husband came out of the room after I did. It was only two or three minutes from the time my husband came down stairs, until I went up to our room and found defendant in there." Defendant testified: "I went into the hall to look for a closet. Went to one end and not finding it started to the other end of the hall, when I came to a door which was partially open, and thinking the closet was in there, I went in, and I had hardly gotten inside of the door when some lady came into the room, and as soon as she saw me she began screaming. * * * I did not turn the knob to open the door. It was already open." We do not think this evidence is circumstantial as to the breaking, and hence it follows that the court did not err in refusing to charge on circumstantial evidence.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*