### C. A. SKIRLOCK V. THE STATE.

No. 10073.   Rehearing granted May 26, 1926.

#### ON REHEARING.

1.—Burglary—Transcript Corrected.

In our original opinion delivered in this case, and which is to be found on page 539 in Volume 103 of our Reports, it was stated that the transcript contained a charge on circumstantial evidence.   On rehearing it is shown that this statement was a mistake, and that in fact the instructions of the court contain no charge on that subject.

2.—Same—Charge of Court—On Circumstantial Evidence — Improperly Omitted.

While, as a general rule, if the facts proven are in such close juxtaposition to the main fact sought to be established, that it is equivalent to direct testimony, a charge on circumstantial evidence is not required, we cannot agree that this case comes within that rule.

3.—Same—Continued.

The main facts to be proven upon a trial for burglary, are the break-

ing, and entry of the house. Where the main fact sought to be proved is a matter of inference from other facts in evidence, the case rests upon circumstantial evidence. If, as in the instant case, the breaking and entry by accused is to be inferred from the fact of subsequent possession of property taken from the house, then it is a case of circumstantial evidence, and therefore a reversible error to fail to so charge, and the judgment of affirmance is set aside, and the cause reversed and remanded. See Sullivan v. State, 18 Texas Crim. App., 623; Robertson v. State, 33 Texas Crim. App., 366.   Sec. 2478, Branch's Ann. P. C.

Appeal from the District Court of Stonewall County.   Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary, penalty five years in the penitentiary.

*Lon Brooks* of Anson, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is now made to appear that the charge of the court contained in the original transcript and which embraced a charge upon circumstantial evidence was incorrect; that in fact the instruction to the jury contained no charge upon that subject.

The learned trial judge explains that he did not give a charge upon circumstantial evidence because the facts proven were in such close juxtaposition to the main fact sought to be established that in his opinion it was equivalent to direct testimony. In this respect we think the learned trial judge fell into error. The main facts to be proven upon a charge of burglary are the breaking and entry of the house. Where the main fact sought to be proved is a matter of inference from other facts in evidence the case rests upon circumstantial evidence. If the breaking and entry by accused is to be inferred from the fact of subsequent possession of property taken from the house, then it is a case of circumstantial evidence. Sullivan v. State, 18 Texas Crim. App. 623, Robertson v. State, 33 Texas Crim. Rep. 366. See also Sec. 2478, Branch's Ann. Tex. P. C.

An accomplice witness testified that she, appellant, and one Williams went around to the back of the house, got some water and all returned to the car where she and Williams remained; that appellant again went to the back of the house and in a short time returned to the car bringing with him a number

of articles which she enumerated. The owner of the house testified that when he left home he closed the windows and doors; that when he and his wife returned it was discovered that a window at the rear of the house had been broken and many articles taken from the house. The articles stolen were later found in the house occupied by appellant, Williams, and the accomplice witness. Although the accomplice witness was at the rear of the house and in a position to observe the condition of the windows before appellant went there the second time we find no word throwing light on their then condition. It will be observed from the foregoing recital of the facts that no one saw the breaking of the house nor the entry but the commission of the burglary by appellant was a matter of inference from the facts stated.

Facts proven in a burglary case may be in such close juxtaposition to the main facts to be proven, (the breaking and entry) as to be equivalent to direct evidence. See Sec. 2368, Branch's Ann. Tex. P. C. In support of the foregoing proposition the following cases are noted: Holland v. State, 45 Texas Crim. Rep. 172, 74 S. W. 765; Smith v. State, 90 S. W. 638; Smith v. State, 51 Texas Crim. Rep. 427, 102 S. W. 406; Montgomery v. State, 55 Texas Crim. Rep. 504, 116 S. W. 1160; Williams v. State, 65 Texas Crim. Rep. 82; Soders v. State, 195 S. W. 1146; Holland v. State, 45 Texas Crim. Rep. 172; Smith v. State, 90 S. W. 638. However, examination of these authorities reveals that in each case the party charged with the burglary was actually found inside the burglarized house. Such is not true in the present instance. (For an exhaustive discussion of this subject see Beason v. State, 43 Texas Crim. Rep. 442, 67 S. W. 96). While the testimony of the accomplice that appellant brought the stolen property to the car is a strong fact showing his guilt of burglary, yet it was this and subsequent possession of the stolen property in connection with the testimony of the owner of the house from which the fact of breaking and entering was to be inferred. This leaves it a case dependent upon circumstantial evidence. The court's attention was called to the necessity of a charge upon the subject by exceptions to the court's instructions in a very specific manner.

For the reasons stated the motion for rehearing is granted, the judgment of affirmance is set aside and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*