## G. F. JOHNSON V. THE STATE.

No. 15540.   Delivered February 15, 1933.
Rehearing Denied April 19, 1933.
Reported in 58 S. W. (2d) 1023.

The opinion states the case.

*Reynolds & Heare,* of Shamrock, and *Claude Williams,* of McLean, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE. — The offense, selling intoxicating liquor; the punishment, one year and one day in the penitentiary.

The purchaser, Hulen Cooper, testified substantially to the following facts: On or about the 16th day of October, 1931, he and a man by the name of Hubert Phillips went to the home of the appellant and asked him about buying some whisky. The appellant told him he did not know him, and the witness then told the appellant as to where he lived and that he knew one

Floyd Phillips, who ran the filling station about a quarter of a mile from appellant's house. The appellant then sent a boy, who was there, with the witness and Hubert Phillips in their car to see Floyd Phillips at his filling station. The said Floyd Phillips informed the boy that the witness was all right and they drove back to appellant's house and he told the appellant he wanted to buy a gallon of whisky. The appellant agreed to take a check of the witness if Floyd Phillips would endorse it. The witness, Hubert Phillips, and the boy then went to Floyd Philips' filling station and got him to indorse the check. After the check had been indorsed and brought back to the appellant and they had been in the house for a few minutes, the appellant stated to the witness, "Your whisky is out in the car." When they went out to the car, the whisky was sitting on the floor boards of the car and it was in two half-gallon jars. After they left the house the witness and his companion drank some of the whisky and put the balance under a railway trestle and when they came back to it it was gone.

Substantially to the same effect was the testimony of the witness Hubert Phillips.

The appellant denied any sale of whisky but stated that the check in question was put up as a wager on the Amarillo-Pampa football game and one Lewis Pepper was the stake holder.

There are no bills of exception appearing in the record. The appellant objected to the charge of the court for its failure to submit an instruction covering the law of circumstantial evidence. The proof of the state was direct that the agreement between the state's witness, the purchaser, and the appellant was to the effect that the appellant was to sell said witness one gallon of whisky for the price of $5 and the appellant, after he had received the check, informed the state's witness that the whisky was to be found in the witness' car. The mere fact that the prosecuting witness did not see who put the whisky in the car would not make a case depend entirely on circumstantial evidence and a charge on circumstantial evidence is not required where the evidence is not wholly circumstantial. Branch's Ann. P. C., sec. 1874; Lawler v. State, 9 S. W. (2d) 259. The main fact was not proven as a matter of inference from other facts in evidence. Hence, in a legal sense, the case did not rest wholly upon circumstantial evidence. Branch's Ann. P. C., sec. 2367; Robertson v. State, 26 S. W., 508.

The authorities cited by appellant we do not consider in point under the facts of this case.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again reviewed the record and the facts in the light of appellant's motion, but are constrained to adhere to the conclusion announced in our former opinion. The state witness testified to a positive sale of a gallon of whisky by appellant in consideration of a check for $5.00, which was delivered to him. We do not think the fact that the whisky was placed in the car of the purchaser by some one other than appellant, following which appellant stated that the whisky was in their car, would make the case one of circumstantial evidence. This is the only contention made.

The motion for rehearing will be overruled.

*Overruled.*