## HARVEY LOCKHART V. THE STATE.

No. 16019. Delivered June 7, 1933.
State's Rehearing Denied October 4, 1933.
Reported in 63 S. W. (2d) 299.

The opinion states the case.

*P. O. Beard,* of Marshall, and *Morris & Holley,* of Longview, for appellant.

*Benjamin Woodall,* County Attorney, and *Reagan R. Huffman,* Asst. Co. Atty., both of Marshall, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is arson; the punishment, confinement in the penitentiary for two years.

The state objects to the consideration of appellant's exceptions to the charge of the court; it being insisted that it is not shown that such exceptions were presented to the trial court before the charge was read to the jury. We quote from the caption of the exceptions as follows: "Now comes the defendant after having been presented the charge of the court and before the main charge was read to the jury and excepts to same upon

the following grounds to-wit:" Following the caption the exceptions are set forth. The instrument bringing forward the exceptions concludes as follows: "The defendant asks the court to approve this bill of exception and file the same as a part of the record of the case." The names of appellant's counsel are signed to the foregoing request. Immediately under the names of counsel the instrument contains the following: "Ordered filed. Reuben A. Hall, Judge." We are of the opinion that the certificate of the judge is sufficient to show that the exceptions were timely presented. The state relies upon Gibson v. State, 225 S. W., 538; Benson v. State, 287 S. W., 1097; Watson v. State, 292 S. W., 900, and Fuller v. State, 37 S. W. (2d) 1034. In those cases the caption of the instrument showed that the exceptions were presented before the court read and delivered his charge to the jury. Over the trial court's signature the instrument bringing forward the exceptions was indorsed "Refused." It was said in the opinion in each of the cases mentioned that the fact that the caption purporting to contain the exceptions recited that objections were presented before the charge was read was not a verification of the trial court of such presentation. The reason for the holding was that the marking of the exception "Refused" was not sufficient verification of the fact that they were timely presented. In other words, the exceptions might have been refused because they were not timely presented. In Watson v. State, supra, it was said: "Since the trial court refused said objections and exceptions, and in no way certified his approval thereto, we are precluded from considering same." In the present case the exceptions are not marked "Refused." Responding to appellant's prayer in the instrument itself, the court ordered the exceptions filed. Manifestly, the cases relied upon by the state are not authority for holding that the exceptions in the case at bar are not shown to have been timely presented.

It is true that in the instrument bringing forward the exceptions it is not expressly stated over the signature of the trial court that such exceptions were allowed. However, the opinion is expressed that the action of the court in ordering the exceptions filed in response to appellant's prayer that such exceptions be allowed and filed meets the demand of the statute. Certainly, the trial court would not have ordered the exceptions filed if he had not allowed them; and particularly is this true in view of the prayer that the exceptions be allowed and ordered filed.

We are unable to reach the conclusion that the failure to

indicate immediately over the court's signature that appellant excepted to the failure of the court to amend the charge would destroy the efficacy of the instrument as a bill of exception. We are aware that in Anderson v. State, 254 S. W., 986, it was stated that the exceptions could not be considered because it was not shown that there was an exception to the failure of the court to amend the charge. It is not clear from the opinion whether the instrument before the court in Anderson's Case was sufficient within itself to show that the appellant was excepting to the charge of the court. In the present case it is expressly stated in the instrument that appellant excepted to the court's charge on various grounds, which were specifically set forth. See, also, Driver v. State, 285 S. W., 312. We think the correct rule is laid down in Dave v. State, 15 S. W. (2d) 619, in opinion on motion for rehearing. In that case Judge Lattimore used language as follows: "Appellant presents his motion for a rehearing based on the proposition that he took certain exceptions to the charge of the court in writing which were duly approved, certified, and filed, and hence should be considered by us, even though no separate bill of exceptions brought forward the complaints of the charge thus evidenced. Appellant is correct in complaining that we did not discuss his exceptions to the charge." An examination of the record in Dave's Case discloses that the following certificate was appended to the instrument bringing forward the exceptions to the charge: "The foregoing exceptions were presented to me in writing by defendant's attorneys after the evidence was closed and before the charge was read to the jury and before the argument was begun and all of said exceptions are hereby certified, allowed, approved and ordered filed as a part of the record in this case. This the 11th day of April, A. D., 1928." Following this certificate is the signature of the trial judge. It is observed that it is not indicated in the foregoing certificate that the trial court refused to amend the charge and that to such refusal the appellant excepted. However, in the exceptions in Dave's Case, as in the present case, it is shown from the instrument itself that the appellant was excepting to certain portions of the charge.

One of the exceptions to the charge was that the facts adduced in evidence called for an instruction covering the law of circumstantial evidence. We think this exception was well taken. From the testimony of the state the following is taken: The injured party, Preston Smith, got up about 4 a. m. for the purpose of building a fire. Stepping out on his porch, he heard a noise in his barn. He said it was "something like gasoline or

coal oil exploding.." Further, he testified that it was not a loud explosion like a gun, shooting, but like "you had thrown a match into gasoline, something like that." The barn was approximately 30 yards from the house. Immediately after hearing the explosion, the witness saw appellant and one Jobe Taylor come from the corner of the barn and run away. He saw another man about 60 yards away from the barn. He could not identify this man. Jobe Taylor had something in his hand as he came around the corner of the barn. The injured party said: "Jobe Taylor had something like a can or bucket—I don't know what it was; seemed to be a can like and Lockhart (appellant) didn't have anything." The barn was completely destroyed by fire. The injured party covered up the tracks made by appellant and Jobe Taylor with some boards. When appellant was arrested his shoes were fitted into these tracks. There were some broken places in the soles of appellant's shoes. The shoes and tracks corresponded. Appellant and the injured party were on friendly terms. Jobe Taylor had been the injured party's tenant at one time and he and appellant had had some trouble over some property the injured party alleged Taylor had taken from him.

Appellant's witnesses testified that appelant was at home at the time the barn burned. In other words, their testimony, if believed, would have entirely exculpated appellant.

It is clear that appellant's connection with the transaction was shown alone by circumstantial evidence. It is the announcement of the decisions that when the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence. Branch's Annotated Penal Code, section 2478; Ward v. State, 10 Texas App., 297.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The state makes an able and vigorous motion for rehearing based on the general proposition that the refusal of the court to give a charge on circumstantial evidence should not be held reversible error because of the juxtaposition of the accused to the crime committed. Our attention is called to section 2480, Branch's Annotated P. C., and the au-

thorities cited,—as supporting the state's contention. We have carefully considered the motion and the authorities cited, together with others.

There is no question but that the case was one on circumstantial evidence. We think it was correctly held in the original opinion that the exceptions to the failure of the court to charge on circumstantial evidence were brought to the attention of the trial court before the main charge was given, and that same were approved by him. It is plainly the duty of the trial court to state in his charge to the jury the law applicable. In this case he did not do so, notwithstanding his attention was called to the failure to charge on circumstantial evidence by the exceptions to his charge. The judge who tried this case is usually a very careful trial officer. It occurs to us to be setting a dangerous precedent to hold in such case because the circumstances were well connected and afforded sufficient evidence to justify a conviction, the trial court might decline to submit the law of circumstantial evidence when plainly requested so to do, or when an exception to the charge was presented calling attention to the failure to so charge.

In other words, it seems to us better to lay down the rule that such failure should be held cause for reversal than for us to embark upon the somewhat dangerous course of saying that in this case, that case or the other, we will uphold the court's action, or rather affirm the case upon the theory of the strength of the circumstances. Some sets of circumstances might be stronger than others, and this court would necessarily be called on to speculate more or less as to whether the failure to charge on circumstantial evidence could have resulted in injury to the accused. We are inclined to think the case correctly disposed of, and the state's motion for rehearing will be overruled.

*Overruled.*