### OLIVER RAMPLEY v. THE STATE.

No. 17027. Delivered November 21, 1934.
Reported in 76 S. W. (2d) 515.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of turkeys; punishment, a fine of $150 and thirty days in the county jail.

Mr. Carey testified that in the spring he took out to his father's place, some mile or more from where witness lived, thirty young turkeys, which he let remain on the range out there until he says he missed them from the range about the 14th of November, 1933. He described the turkeys, and said he had painted their wings soon after he took them out to his father's place, and later had painted the wings again, and still later had painted the wing of one turkey again. He never saw any of his turkeys after they disappeared. The State introduced two men who were engaged in buying turkeys in Erath County about the 14th of November, 1933, both of whom testified that about said date they purchased from appellant twenty-four turkey gobblers, on the wings of some of which they observed paint, the wing of one being darker than the others. The turkeys were delivered to these men at the home of appellant's father situated some mile or more from the home of Mr. Carey's father. Appellant, his father and brother were present when the turkeys were delivered. The buyers said they took the turkeys to Hico after they were purchased, and at Hico the turkeys were dressed.

Appellant, his father and brother testified that they were present when appellant sold the turkeys and delivered them to the two men above referred to. These witnesses observed no paint on the wings of the turkeys. Appellant claimed that

he had lost about forty turkeys some time before this, and finding this group of turkeys on the range of Mr. Hatchett, a neighbor, he believed them to be part of those he had lost, and that he drove them up and sold them to the two buyers above mentioned. He testified that he believed at the time they were his and so believed at the time of the trial. No other witness testified to the identity of the alleged stolen turkeys save Mr. Carey.

The charge of the court was excepted to for its failure to submit the case on the law of circumstantial evidence. We think the contention sound. In Moore v. State, 85 Texas Crim. Rep., 577, we said: "The identity of stolen property is a material fact, and, while it may be proven by circumstances as in this case, this must be submitted in the charge. Pierson v. State, 78 Texas Crim. Rep., 275; 180 S. W., 1080; Felts v. State, 53 Texas Crim. Rep., 48; Childers v. State, 37 Texas Crim. Rep., 392."

It is apparent that appellant appropriated turkeys which the State says were stolen by him. His possession of recently stolen property would be a circumstance usable against him in a charge for having stolen the turkeys, but it would be only a circumstance. Whether the wings were painted or not, no witness saw turkeys in the possession of appellant, or at any time after they were sold, and swore they were Carey's turkeys. The fact that they were such was purely a matter of inference or presumption from the facts. Carey lost turkeys about this time which he says he painted, and the State witnesses who bought the turkeys from appellant said they observed paint on them. The number and locality of the turkeys might also be used as supporting a presumption of guilt. The fact that circumstances may strongly point to one accused of crime does not relieve the court of the duty of charging the law of circumstantial evidence in a case where the question of guilt is an inference or presumption deducible from circumstances in evidence as in the case before us.

For the error of the court in declining to charge on circumstantial evidence, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*