## IRA CRAWFORD V. THE STATE.

No. 17600. Delivered May 22, 1935.

The opinion states the case.

*Arthur Holland,* of Belton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being assessed at two years in the penitentiary.

Tennison and Hodge were in the butcher business in Belton. About a mile from town they had a butcher pen and a "hide

house." In the latter part of February, 1934, the "hide house" was entered and sixteen hides which had been salted down were taken. A day or two later the hides were found at the Miller Produce Company's place of business in Austin, and identified by Hodge as the hides which had been stolen.

The State introduced appellant's confession in which he said that on February 27th, 1934, he went to Austin with his wife and children and left them at the home of a friend; the confession then continues as follows: "I * * * got with Fred Corbin and Lee Crawford and we drove to Belton that night and I let Fred Corbin and Lee Crawford out at the creek and I drove on to the butcher house of Tennison and Hodge and I went in and took several cow hides out of the barrels where they were salted down, put them in my car, came by and picked up Corbin and Lee Crawford and we drove to Austin. We arrived in Austin about five o'clock Wednesday morning. We went to a shack where Corbin was stopping and unloaded the hides there and Corbin then loaded them in the truck and carried them and sold them. I saw Fred Corbin later that day and he gave me $8.75 as my part of what the hides brought."

In view of a later discussion attention is called to the fact that there is no admission of a "breaking" to effect the entry. On the trial appellant repudiated the confession, claiming that it was made under duress, threats and promises. He testified that he did not at any time break or enter the "hide house" in question. Appellant's story on the trial was that he, Corbin and Crawford went from Austin to Belton and stopped at appellant's house; that he and Crawford remained there while Corbin went away in appellant's car; that Corbin returned in about an hour having sixteen cow hides in the car, which the three of them took to Austin in appellant's car. Cathey worked at the butcher pen. He testified that when he left the "hide house" the night before the hides were taken he forgot to lock the door. His testimony was calculated to leave the impression that the next morning the lock was where he had left it and showed no signs of being broken. Mr. Hodge testified that he was at the house after Cathey left and noticing that the door was not locked he (Hodge) locked it himself, and that the next morning the lock was broken off the door and the hides were missing.

Among other written objections to the charge is the following: " * * * Defendant specifically objects to the fact that the charge does not charge on circumstantial evidence, upon

which the State relied to prove the issue of breaking; that in such respect said charge does not include all the law with reference to the case. Defendant moves and requests the court to correct his said charge to meet said objections."

The court declined to amend his charge by giving an instruction on circumstantial evidence, and a failure to respond to such request is the only point urged for reversal.

The holdings of the court have been fairly uniform to the effect that where the confession of accused was introduced in evidence, and other testimony showed a breaking, yet, if it was only by process of inference from the confession or admissions of accused that it could be determined that he was the party who made the burglarious entry or participated therein, the court in a trial for burglary should charge on circumstantial evidence. Branch's Ann. Tex. P. C., sec. 2367, p. 1294. It has been held that where accused had entered a plea of guilty to theft of the property stolen from the burglarized house proof of the fact of such plea of guilty would not relieve the court from the necessity of charging on circumstantial evidence, because, after all, it would be only an inference from the admission of the theft that the party admitting it also committed the burglary—the breaking. Beason v. State, 43 Texas Crim. Rep., 442, 67 S. W., 96. The State's evidence in the present case that the lock on the door of the house was broken, and appellant's confession that he went into the house and stole the hides, leads to the almost irresistible conclusion that appellant broke the lock to effect the entry; yet, however strong the circumstances may be it is only by inference and reasoning therefrom that the guilt of appellant as the breaker can be reached. Without reviewing them we cite the following cases supporting appellant's contention that a charge on circumstantial evidence should have been given. Winn v. State, 82 Texas Crim. Rep., 316, 198 S. W., 965; Howell v. State, 109 Texas Crim. Rep., 42, 2 S. W. (2d) 861; Chisum v. State, 50 S. W. (2d) 321; Skirlock v. State, 104 Texas Crim. Rep., 420, 284 S. W., 545. There are few cases of burglary where the State is not of necessity compelled to rely upon circumstantial evidence, unless the confession of the accused admits the burglarious entry, or the testimony of an accomplice in the crime is introduced in evidence.

Cases are continually reaching this court where it is urged that the circumstances are so strong that a failure to charge on circumstantial evidence should not be held ground for reversal, until in Lockhart v. State, 63 S. W. (2d) 299, we were

moved to make the following statement: "In other words, it seems to us better to lay down the rule that such failure should be held cause for reversal than for us to embark upon the somewhat dangerous course of saying that in this case, that case or the other, we will uphold the court's action, or rather affirm the case upon the theory of the strength of the circumstances. Some sets of circumstances might be stronger than others, and this court would necessarily be called on to speculate more or less as to whether the failure to charge on circumstantial evidence could have resulted in injury to the accused."

For the error in declining to instruct the jury on the rule of circumstantial evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, P. J., absent.