JAMES HALL v. STATE

No. 27,486. March 23, 1955
Rehearing Denied May 4, 1955

*Martin & Shown,* and *Allie L. Peyton,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged with the offense of burglary, with a prior conviction for an offense of like character alleged for the purpose of enhancement and, upon conviction, his punishment was assessed at twelve years in the penitentiary.

The prior conviction, as alleged, was properly shown.

James T. Reid, testified that about 11:30 a.m., January 18, 1954, he closed his upstairs apartment in a four-apartment building leaving no one in the apartment and left the premises; that he returned about 2:45 p.m. the same day, found that someone had gone into and pillaged his apartment, had taken therefrom some jewelry and money; and that he did not give anyone his consent to enter his apartment and take anything from it.

It was shown by two witnesses who lived in apartments to the rear of the apartment building that about 2 p.m. on January 18, 1954, they saw appellant, accompanied by another, going from the rear of the apartment building around toward the front; that within a short time these two witnesses, upon entering the rear door of the Reid apartment, saw a man in the living room, chased him down the stairs to the street where he got in an automobile and sped away.

Appellant was identified as one of the persons going from the rear of the apartment building toward the front and as being the person who ran from the living room of the apartment.

Appellant did not testify but offered two witnesses who testified that they went to the apartment building at the time in question for the purpose of renting an apartment; that appellant was not present at the apartment; and that they did not disturb or take anything from the Reid apartment.

Exception was reserved to the failure of the court to charge upon circumstantial evidence. Appellant insists that in as much as no one testified that he saw appellant break and enter the apartment, and there is no confession of such breaking and entry, the state's case is circumstantial.

The facts are quite similar to those in Holland v. State, 45 Texas Cr. Rep. 172, 74 S.W. 763. There the owner left the room and closed the door, but did not lock it. Several minutes later

his wife went to the room and found Holland there. Holland testified that he entered the room thinking it was a closet, but did not turn the knob because he found the door open. This court overruled the contention that the court erred in failing to charge on circumstantial evidence.

In Fields v. State, 74 S.W. 309, the defendant was discovered in a cold storage room, the door of which was fastened and which had been entered through a window which had been closed just prior to the time Fields was found in the house.

The appellant denied that he entered through the window, and testified that he saw a man drop a ham and piece of bacon as he ran from the building, and seeing the door open, carried the ham and bacon into the house, entering through the door. The court held that if the state's theory was true, the case was not one of circumstantial evidence.

We find no error in the failure of the court to charge upon circumstantial evidence, and find the evidence sufficient to sustain the conviction.

The judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant contends that a charge on circumstantial evidence should have been given in connection with the proof of the identity of the accused as being the person who had been convicted in the prior offense alleged for enhancement purposes. Our original opinion disposed, we think properly, of the necessity of such a charge as related to the main fact in the case; that is, the breaking and entry by the appellant. It is only where the evidence of the main facts essential to guilt is established by circumstantial evidence that such a charge need be given. 24 Texas Juris., Sec. 101, p. 587; Wilson v. State, 154 Texas Cr. Rep. 59, 225 S.W. 2d 173. Proof of the prior conviction was not a main fact essential to guilt, and no such charge is required in connection with such proof. The proof on this question was similar in many respects to the type of proof approved by this court in Handy v. State, 160 Texas Cr. Rep. 258, 268 S.W. 2d 182, and we find the same sufficient.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.