SCHYLER LEWIS HAYES, *alias* DODD HAYES V. STATE

No. 27,997. February 8, 1956.

Rehearing Denied April 4, 1956.

*Billy Hunt and Robert Fairchild,* Center, for appellant.

*Richard E. McDaniel,* County Attorney, Center, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a conviction for driving a motor vehicle upon a public highway while intoxicated; the punishment, 90 days in jail and a fine of $100.

Appellant, on the day in question, was driving an old pick-up truck. He was traveling on the public highway a mile or two

out of Timpson, and a "near head-on" collision occurred between his pick-up and an automobile traveling in the opposite direction, toward Timpson.

The collision occurred on appellant's left hand side of the highway, the point of impact being some five feet from the center line.

Mrs. Leona Evans, the driver of the other vehicle, received a broken leg as a result of the collision. She testified that just prior to the collision and as appellant was coming over the hill "he was leaning over in his truck toward the opposite door" and did not appear to see her at all "only when he hit, he looked very surprised. Of course, I was."

Emmett Powers heard the collision, went immediately to the scene where he observed appellant in the pick-up. He assisted the women out of the car, which he estimated was some thirty feet from the pick-up, and did not get any nearer to appellant. He testified: "Well, the man acted like he was addled some way. I wouldn't know what caused it."

Willie Barnes testified that he drove up to the wreck after a number of people had gathered and, at the request of Dr. Williams, went and opened his clinic so that appellant could be brought in; that appellant's two brothers brought or carried him into the examining room.

Barnes testified that when he opened the clinic door appellant said: "God damn, this is hell" or something like that; said "They can't hurt me, I'm tough" and he testified "One of his brothers was on each side of him. I would say he was kind of staggering and he was a little bit groggy," but that he did not smell appellant's breath.

N. W. Clark, a Texas Highway Patrolman, saw appellant in the examining room at the clinic and testified that he smelled alcohol on his breath, "real strong;" that appellant said two or three times, "They ran over me." Patrolman Clark expressed the opinion that appellant was definitely intoxicated.

Sheriff C. B. Christian also observed appellant at the clinic, talked to him and smelled his breath. Based upon his experience as a peace officer and the way appellant talked and acted, and the odor of alcohol on his breath, he expressed the opinion that appellant was under the influence of intoxicating liquor.

Deputy Sheriff Alton Hughes testified that he saw appellant at the clinic and accompanied him to Center. He also expressed the opinion that appellant was intoxicated.

By cross-examination of the state witnesses appellant sought to show that Dr. Williams, who the evidence shows had moved out of the state before the trial, had told them he gave appellant "a slug of whisky to brace him up" after he arrived at the clinic. He was unsuccessful in this, but did succeed in establishing by one of the witnesses that Dr. Williams had stated that appellant was intoxicated.

Appellant, testifying as a witness in his own behalf, denied he had been drinking before the accident or that he had taken a drink for a week or better.

He testified that the lick on his head "knocked me crazy;" that his brothers carried him to the clinic and that the doctor said "You're in pretty bad shape and I'd better give you some alcohol;" that the doctor gave him a "swallow." "I couldn't swear what brand it was, but it tasted pretty good."

Blutch Hayes, appellant's brother, testified that he saw the accident and assisted in carrying appellant to the clinic. He rode in the rear of a second brother's pick-up and held appellant's head up and while on the trip not a word was spoken. "He was just knocked plumb out. He kind of came to and cut up."

Blutch testified that he himself had taken a large drink and for that reason did not know whether or not there was any odor of alcohol on appellant's breath.

Appellant complains that the court failed to charge on circumstantial evidence. He points out that the state not only failed to show that appellant's condition, when observed at the clinic, was not due to his having consumed intoxicating liquor or alcohol after the collision, but that the evidence shows that the only alcohol consumed by him was after he arrived at the clinic.

Sheriff Christian testified that the doctor, Patrolman Clark, and he left the scene of the collision and arrived at the clinic about the same time; that the doctor "went in and when he walked out and said it was all right for us to go in, then I went in."

The jury was not bound to accept appellant's testimony that

the doctor gave him a swallow of alcohol before he walked out, and the court was not required, upon the possibility that such was true, to instruct the jury on the law of circumstantial evidence.

From the evidence as to appellant's appearance, the way he was driving his pick-up, as well as the testimony as to his conduct and appearance and the odor of alcohol on his breath, the jury had the responsibility of deciding whether or not he was intoxicated, and no charge on circumstantial evidence was required.

Appellant presents as his remaining ground for reversal his bystander's bill of exception which was not controverted by the state. This bill complains of the following remarks of the district attorney.

"Now what would you do if you were defending a case like this — why, you would pick the one weak point in the State's case and make up a story to attack it, at the only place in the State's case where he could have gotten whiskey - - - ."

The argument was evidently addressed to the testimony of appellant wherein he attributed the odor of alcohol on his breath to a swallow given him by the doctor. We overrule the contention that a mistrial should have been declared on the theory that the remarks, in effect, accused appellant's counsel of subornation of perjury.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that we erred in holding that under the testimony a charge on circumstantial evidence was not required.

A charge on circumstantial evidence is necessary only when the state's case depends entirely upon circumstances for a conviction. Oakley v. State, 152 Tex. Cr. R. 361, 214 S. W. (2d) 298; and Myers v. State, 159 Tex. Cr. R. 347, 263 S.W. (2d) 564.

Under the record, we remain convinced that the state's proof of appellant's intoxication did not depend upon circumstantial evidence and a charge thereon was not required. The testimony of the three officers who observed appellant at the clinic after the collision, that they could smell alcohol on his breath, and who expressed their opinions that he was intoxicated, was equivalent to direct evidence on the issue of his intoxication while driving the pick-up on the occasion in question. See Richardson v. State, 109 Tex. Cr. R. 403, 5 S.W. (2d) 141.

The motion for rehearing is overruled.

Opinion approved by the Court.