MORRIS S. RENEAU V. STATE.

No. 30,367. March 18, 1959.

532

*Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Henry Stollen- werck, Paul Leech, Merle Flagg,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The convictions are for two offenses of driving while intoxicated alleged in separate counts: one alleged to have been committed on January 12, and the other on March 9, both in 1958; the punishment for the offense committed on January 12, three days in jail and a fine of $50 and for the one on March 9, six months in jail and a fine of $125.

No complaint is made of the conviction for the offense alleged to have occurred on January 12. The evidence is sufficient to support said conviction.

Henry David French, testifying for the state, stated that he was awakened from his sleep by the screaming of tires, then a "thudding sound" at about 3 A.M. on March 9, and immediately went to his bedroom window and saw a Cadillac across the street nose down an embankment 7 or 8 feet high with its motor accelerated; that he watched the car through the window while he dressed, then immediately went to it, found the doors jammed shut and difficult to open and only one person in the car and he had one arm on the horn which was blowing, a foot on the accelerator, referred to the car as belonging to him and that he saw no one leave the car. He further testified that there were skid marks leading from the pavement on the public street to the Cadillac; that appellant was unable to turn the ignition off which he did for him, then appellant asked if he was blocking the road; that the windshield was cracked, appellant's face was cut and bleeding; that he could smell a strong odor of alcohol on his breath and that in his opinion appellant was intoxicated.

A few minutes after French had helped appellant out of the car, the police arrived.

Officer Gunstanson testified that after receiving a call he went to the scene where French and appellant were sitting on the curb; that he carried appellant to a doctor and an ambulance carried him to a hospital where appellant gave his consent to have blood withdrawn for a blood test. The officer expressed the opinion that the appellant was intoxicated.

Dr. Mason, a toxicologist, testified that appellant's blood sample had an alcoholic content of .198 percent which would in his opinion indicate a state of intoxication.

Appellant did not testify, but called his wife who stated that appellant left home alone in his Cadillac at about 2:45 A.M., going to Wichita Falls and that shortly thereafter the doctor telephoned her asking to which hospital she wanted her husband taken.

Appellant complains of the failure of the trial court to charge on circumstantial evidence.

The evidence is sufficient to constitute direct evidence that the appellant while intoxicated was driving the automobile at the time and place in question. Hence, there was no error in failing to charge on circumstantial evidence. Pope v. State, 156 Texas Cr. Rep. 587, 245 S.W. 2d 245; Cave v. State, 161 Texas Cr. Rep. 107, 274 S.W. 2d 839; Hayes v. State, 162 Texas Cr. Rep. 660, 288 S.W. 2d 771.

The evidence is sufficient to sustain the conviction.

The judgments are affirmed.

Opinion approved by the Court.