C. T. EWING, Appellant,

v.

The STATE of Texas, Appellee.

No. 39265.

Court of Criminal Appeals of Texas.

Feb. 23, 1966.

Rehearing Denied April 20, 1966.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is burglary of a motor vehicle; the punishment, two years in the penitentiary.

The record reflects that James R. McClellan, a detective of the San Angelo Police Department, was in the vicinity of the Topper Club at about 11 p. m. on November 30, 1964 when he saw appellant leaning inside the open right door of an automobile parked outside the club. When McClellan approached the car, appellant turned around and the officer saw a portable radio in his hand. Officer McClellan further testified that the right front vent window of the automobile had been broken and the hole in it was large enough to accommodate a person's arm. A yellow-handled screwdriver was found about three feet from the car, and appellant's automobile was parked nearby, with the trunk open and the motor running. The trunk of appellant's car was modified in such a manner that it could be opened and closed from inside the car.

Robert G. Harper testified that he worked for the Texas Highway Department, that he owned the automobile in which appellant was leaning when found by the policeman, and that he owned the radio appellant had in his possession when apprehended by the officer. The witness testified that he had parked his car outside the Topper Club at about 9:30 p. m. that evening, that he left it locked, and that the vent window was not broken at that time. He stated that he did not give appellant permission to enter his car or to take the radio.

Appellant did not testify or present evidence contrary to the facts set out above, which are sufficient to sustain his conviction.

There are no formal bills of exception. Appellant objected to the court's

 

charge because it included no instruction as to the law of circumstantial evidence and also because it did not instruct that the failure of the defendant to testify could not be taken as a circumstance of his guilt. However, the charge contains instructions on both subjects. We note, however, that a charge on circumstantial evidence was not required under the facts presented. Hall v. State, 161 Tex.Cr.R. 460, 278 S.W. 2d 297.

Finding no reversible error, the judgment is affirmed.