**Ralph Clinton RIGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43684.**

Court of Criminal Appeals of Texas.

June 2, 1971.

Rehearing Denied July 14, 1971.

H. Edwards Johnson, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., William R. Magnussen, Clayton E. Evans and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The appeal is from a conviction for burglary with intent to commit theft, enhanced by a prior conviction under Article 62, Vernon's Ann.P.C. The punishment was assessed at twelve years.

This out-of-time appeal was granted by the trial court for good cause after it was shown that the appellant was transferred to the Texas Department of Corrections prematurely without the opportunity of giving notice of appeal.

The sole ground of error is that the trial court erred in refusing to submit his requested charge on circumstantial evidence.

The record reflects that at approximately 7 o'clock in the morning of January 9, 1967, A. C. Tribble received a telephone call and went to his jewelry store in Fort Worth. When he arrived, he found that the plate glass of a front window had been broken and some watches and other items were missing. Tribble then looked into a white Chevrolet automobile parked in front of the store and saw his missing merchandise and the appellant asleep in the car. Tribble noticed that someone had vomited in the broken glass on the sidewalk and there was vomit inside the car.

Officer Nelson of the Fort Worth Police Department testified that he talked to A. C. Tribble at the scene of the burglary. He then saw the appellant apparently asleep sitting under the wheel of the parked car. He saw rings, watches, other jewelry, a crowbar, hammer, flashlight and a half bottle of whiskey inside the car. A punch and a screwdriver were found in appellant's pocket. A photograph introduced into evidence reflects that the left side of

the parked white Chevrolet was next to the curb in front of the burglarized building. He also testified that there was vomit in the broken glass on the sidewalk, and that "the vomit led to the car and was on the driver's door."

Officer Johnson testified that the appellant appeared to be drunk and passed out in the car. He also testified that the crowbar found in the car with paint on it matched the pry marks and the paint on the door of the building.

The appellant testified that he was drunk in the car and had been there since 5:30 that morning but that he did not break into the building. He admitted having some of the tools in his possession. On direct and cross-examination it was shown that he had been convicted for burglary and for the federal offense of possessing a sawed-off shotgun.

The proof shows that the building was entered by someone who had the intent to commit theft. Were the facts in such a close juxtaposition to be equivalent to direct testimony? If so, no charge on circumstantial evidence was required. De La O v. State, Tex.Cr.App., 373 S.W.2d 501. See 31 Tex.Jur.2d, Instructions, Section 123, page 682; 4 Branch's Ann.P.C., Section 2554, page 888.

The evidence shows there was broken glass from the window and vomit on the sidewalk which led to the parked car which had vomit on the door by the driver where the appellant was seated and vomit inside the car. The merchandise from the store was on the front seat and floor and in the back of the vehicle.

In Hall v. State, 161 Tex.Cr.R. 460, 278 S.W.2d 297, the prosecution was for burglary. This Court noted that where the evidence showed that the accused was leaving from a building after the place had been closed a charge on circumstantial evidence was not required.

In Smith v. State, 161 Tex.Cr.R. 620, 273 S.W.2d 623, the prosecution was for murder without malice for driving a motor vehicle while intoxicated. There was no eyewitness to the collision. The accused was seen leaving a service station in his automobile and ten or fifteen minutes later the witness at the service station heard sirens and ambulances and went to the scene of the collision and saw the same automobile that the accused drove from the station. The first people at the scene of the wreck found the accused lying on his back on the ground with his feet up in the Chevrolet automobile. They did not see any other people in or near the automobile. Even though no one saw the accused driving at the time of the collision, this Court held that the evidence was direct that he was driving the automobile at the time, and place in question and that a submission or charge of circumstantial evidence was not required.

In Reneau v. State, 167 Tex.Cr.R. 531, 321 S.W.2d 886, the conviction was for driving while intoxicated. No one saw the accused driving. The witness was awakened from his sleep by the screaming of tires and heard a "thudding" sound at 3 a. m., got up and went to the bedroom window and saw a Cadillac across the street, nose down, against an embankment seven or eight feet high with the motor accelerated. He went to the car and found the accused there with his foot on the accelerator and saw no one leave the car. The accused's face was cut and bleeding. Even though no one saw him driving the automobile, this Court held the failure to charge on circumstantial evidence was not error. The opinion cited Pope v. State, 156 Tex. Cr.R. 597, 245 S.W.2d 245; Cave v. State, 161 Tex.Cr.R. 107, 274 S.W.2d 839, and Hayes v. State, 162 Tex.Cr.R. 660, 288 S. W.2d 771.

In Ewing v. State, Tex.Cr.App., 400 S. W.2d 911, the prosecution was for burglary of an automobile. The evidence showed that a detective saw the accused leaning inside a parked automobile holding a portable radio. The owner of the vehicle testified that the right front window had been

broken after he had locked the automobile and that the radio that the accused was holding was his. Even though no one saw Ewing break in the motor vehicle, this Court held that a charge on circumstantial evidence was not required.

We hold that in this case the facts proved are in such close juxtaposition, or in such a close relation, to the breaking and entry as to be equivalent to direct evidence and a charge on circumstantial evidence was not required.

It would be difficult to imagine that a jury would reach a different result under the facts of this case with or without a charge on circumstantial evidence.

No reversible error appears in the record.

The judgment is affirmed.

ROBERTS, Justice (dissenting).

I respectfully dissent. The facts as stated by the majority are essentially correct.

In letting "close juxtaposition" of facts control in this case, the majority overlook the main fact to be proved, the factum probandum.

In Brown v. State, 126 Tex.Cr.R. 449, 72 S.W.2d 269, this Court, quoting from 18 Tex.Jur. 439, Sec. 317, said that:

"The terms 'circumstantial evidence' and 'direct testimony' denote different modes in which the facts testified to operate to produce conviction. In contradistinction to the direct testimony of an eye-witness, 'circumstantial evidence' connotes evidence of other and subsidiary facts which are relied upon as being inconsistent with any result other than the truth of the principal fact. It is direct evidence, but of a minor fact or facts of such a nature that the mind is led intuitively, or by a conscious process of reasoning, towards or to the conviction that from those minor facts the facts to be proved may be inferred, in other words, circumstantial evidence is direct evidence as to the facts deposed to but indirect as to the factum probandum."

"The factum probandum of burglary— the main fact to be proved—is the breaking and entry, and if there is no direct evidence of the main fact a charge on circumstantial evidence is demanded. If the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence." 4 Branch's Ann.P.C. 888, Sec. 2554.

All of the evidence adduced at the trial was "direct evidence as to the facts deposed to but indirect as to the factum probandum"—the breaking and entry under Arts. 1389 and 1390 of the Vernon's Ann. Penal Code.

As the majority correctly point out, we adhere to a rule that when the facts proved are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, a charge on circumstantial evidence is not required. Morris v. State, 168 Tex.Cr.R. 28, 322 S.W.2d 632; 4 Branch's Ann.P.C. 359, Sec. 2050.

In Brown, supra, the Court discussed the meaning of the term "juxtaposition." Quoting from Webster's New International Dictionary, it found the definition to be: "A placing or being placed in nearness or contiguity; or side by side; as a juxtaposition of words." Webster's Third International Dictionary defines juxtaposition as "the act or an instance of placing two or more objects in a close spatial or ideal relationship; also: the condition of being so placed." The Court in Brown continued its discussion as follows:

"Both the meaning of the word and its use in the decisions support the view that is reflected in the decision of the present appeal, namely, that the circumstances inculpating the accused must be of a degree of cogency which characterize them, as applied to the particular case, as equivalent to direct evidence.

Obviously, an analysis of each case is incumbent upon the court, both the trial and the appellate, to determine from the facts in evidence whether the proof is direct or circumstantial. While there seem to be some cases to the contrary, *the great weight of authority, as derived from the decisions of this court and others, demands that upon proper request the court should define circumstantial evidence and leave to the jury to determine the guilt or innocence of the accused upon their consideration of the facts in evidence.* In the Baldwin Case,[1] supra, and most of those which follow it, where the subject of circumstantial evidence was considered, the evidence was such as to impress the trial court, as well as the reviewing court, that the conviction depended not upon circumstantial evidence but upon direct evidence. There seems to the writer no middle ground between direct evidence and circumstantial evidence, and the word 'juxtaposition,' as used in some of the decisions, means nothing else than that the evidence was in effect direct. Evidence may be partly circumstantial and partly direct and of a nature, therefore, to justify the refusal of a charge on circumstantial evidence." (Emphasis supplied)

Thus, Judge Morrow, speaking for the court said, in effect: The word "juxtaposition" means that the evidence was in effect direct.

In the cases cited by the majority, there was evidence which was, in effect direct. In Hall v. State, 161 Tex.Cr.R. 460, 278 S.W.2d 297, the accused was seen running away from the burglarized premises as he was being chased by the two witnesses. He had also been seen going from the rear of the burglarized apartment around toward the front. This evidence is so close to evidence of the factum probandum it is in effect direct evidence of the factum probandum.

In Ewing v. State, Tex.Cr.App., 400 S.W.2d 911, a police officer saw the accused leaning inside the open right door of the burglarized automobile and holding the item which had been stolen. Clearly this is equivalent to direct evidence of the factum probandum.

Note that in both of the burglary cases cited by the majority, the accused was seen either leaving the burglarized premises or being inside the burglarized premises; and those facts are, in effect, direct evidence of the factum probandum—the main fact to be proved.

In Smith v. State, 161 Tex.Cr.R. 620, 273 S.W.2d 623, the offense was murder without malice for driving a motor vehicle while intoxicated. It was shown by undisputedly direct evidence that the appellant was intoxicated at the time of the collision but the appellant contended that there was no direct evidence that he was driving the automobile in question. The pertinent facts of that case are as follows:

"The state further proved that the frist persons to the scene of the wreck found appellant lying on his back on the ground with his feet up in the Chevrolet automobile and that they didn't see any other person in or near the Chevrolet automobile at the time they arrived.

"Also, the ambulance driver arrived at the scene of the collision soon after it happened and found appellant under the left-hand door of his automobile with his feet 'in the floor board on the driver's side.'"

The appellant in that case was found lying "under the left-hand door of his automobile with his feet 'in the floor board of the driver's side.'" This too, is in effect, direct evidence of the main fact to be proved, to-wit: that the appellant was driving the car. The court went on to say that, "We are of the opinion that the facts proved by the state constitute direct evidence that the appellant was driving his automobile at the time and place in question and the submis-

---

1. Baldwin v. State, 31 Tex.Cr.R. 589, 21 S.W. 679.

sion of a charge on circumstantial evidence was not required."

In Reneau v. State, 167 Tex.Cr.R. 531, 321 S.W.2d 886, the conviction was for driving while intoxicated. The appellant had given his consent to have blood withdrawn for a blood test, and a toxicologist testified that it showed the appellant to be intoxicated; the police officer who apprehended the appellant testified that in his opinion the appellant was intoxicated; and a witness testified that he saw the car in question nose down an embankment, found the appellant inside, and smelled a strong odor of alcohol on the appellant's breath. This Court found that, "The evidence is sufficient to constitute direct evidence that the appellant while intoxicated was driving the automobile at the time and place in question." The testimony of the witnesses and the blood test constituted that direct evidence and no mention was made of the "juxtaposition" rule.

Thus, in each of the cases cited by the majority there was either distinctly direct evidence of the main fact to be proved (factum probandum), or evidence which was clearly the equivalent of direct evidence of the main fact to be proved. Those cases are clearly distinguishable from this case. Here, there are no facts which could be considered direct evidence of the main fact to be proved.

And since there is no direct evidence to prove the factum probandum, the case is based on circumstantial evidence, and a charge on circumstantial evidence was necessary.

The chief circumstance which infers that the appellant committed the burglary was his unexplained possession of recently stolen property. "In a burglary case, if the main fact—the breaking and entry by defendant—is only to be inferred from the fact of subsequent possession of property recently stolen, it is a case of circumstantial evidence. Possession of property re-

cently stolen is but a circumstance." 4 Branch's Ann.P.C. 888, Sec. 2554. Clearly, the evidence is sufficient to support a conviction based on this circumstantial evidence. Nevertheless, the question here is whether it was error for the court not to instruct the jury on the law of circumstantial evidence.

In Scelles v. State, 172 Tex.Cr.R. 474, 358 S.W.2d 623, officers observed the appellant inject a fluid into his arm with a bulb and a syringe. When officers entered the apartment, the appellant and his companions flushed the syringe in the commode. A piece of bloody rag was recovered from the commode, and the appellant had some needle marks on the inside of his left elbow. The officers found other hypodermic needles and a quantity of morphine inside the apartment. The appellant was convicted of possession of morphine, and the trial court refused to give the charge on circumstantial evidence.

This Court re-affirmed the rule that a charge on circumstantial evidence need not be given when the State's evidence is direct, nor if the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony. In that case, "the main fact sought to be proved was that appellant possessed the morphine in question." The court found that, "There is an entire absence of any direct evidence that he did possess it." Since "appellant's guilt of possessing the morphine is made to depend upon the inference to be drawn by his presence on the premises on the occasion in question and the other facts and circumstances shown by the evidence," this Court held that a charge on circumstantial evidence should have been given and reversed.

The question of what set of facts will fit into the "close juxtaposition" rule and what set of facts will not fit is not easy. Unquestionably, it would be better practice to charge on circumstantial evidence in all

such cases. In determining whether this rule will apply, it is necessary to scrutinize the facts very closely.

The cases of Crawford v. State, 128 Tex.Cr.R. 553, 82 S.W.2d 957, and Lockhart v. State, 124 Tex.Cr.R. 401, 63 S.W.2d. 299, this Court refused to apply the rule. In Crawford, this Court held that even though the State's evidence led to the "almost irresistible conclusion" that the appellant was guilty of the offense of burglary, and "however strong the circumstances may be" if the case is based on "inference and reasoning therefrom" the court must charge on circumstantial evidence. In that case, there was no direct evidence at all to connect the appellant with any phase of the commission of the offense.

In Lockhart, this Court stated:

"It occurs to us to be setting a dangerous precedent to hold in such case, because the circumstances were well connected and afforded sufficient evidence to justify a conviction, the trial court might decline to submit the law of circumstantial evidence when plainly requested so to do, or when an exception to the charge was presented calling attention to the failure to so charge."

In Lockhart, there was evidence that exculpated the appellant. I believe that these cases stand for the proposition that for the rule to apply, the evidence must not only be such that the circumstances create a much greater inference of guilt than what is necessary to sustain a conviction, but must also be the equivalent of direct testimony.

In Skirlock v. State, 104 Tex.Cr.R. 420, 284 S.W. 545, this Court found that in the cases applying the rule, the party charged with the burglary was actually found inside the burglarized house, and the court reversed because in that case, as in this case, the accused was not found on the burglarized premises. "It is apparent from the above authorities that, where the undisputed facts show that a burglary has been committed, and the defendant was found on the inside of the house burglarized, then under such facts, although there is no positive evidence that the defendant actually did the breaking, it is not error to refuse to charge on the law of circumstantial evidence." McCurley v. State, 107 Tex.Cr.R. 425, 296 S.W. 559.

There is a difference between facts being in such a juxtaposition to warrant an inference of guilt and facts being in such a juxtaposition as to be equivalent to direct testimony. The former, no matter how strong they are or how certain is the guilt of the accused, cannot justify a failure to charge on circumstantial evidence. The latter set of facts will occur only where the evidence is such that it is logically and practically the virtual same thing as direct evidence of the factum probandum.

Thus, I believe that the facts of this case do not bring it within the rule "that when the facts proved are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, a charge on circumstantial evidence is not required." It is only by the strongest inference that he could be found guilty, and failure to charge on circumstantial evidence was error.

Although the circumstances strongly indicate the appellant's guilt, I cannot necessarily conclude that the error of the court in failing to charge on circumstantial evidence was not "calculated to injure the rights of defendant." To do so would require this Court to speculate as to what a jury would do if it were given a proper charge. "The fact that circumstances may strongly point to a person accused of a crime does not relieve the court of the duty of charging the law of circumstantial evidence where the question of guilt is an

inference or presumption deducible from circumstances in evidence." 31 Tex.Jur.2d 681, Instructions, Sec. 122; Haney v. State, Tex.Cr.App., 438 S.W.2d 580; Rampley v. State, 127 Tex.Cr.R. 319, 76 S.W.2d 515.

Justice would seem to dictate that the findings of the jury be upheld but:

"Justice is the dictate of right, according to the common consent of mankind generally, or of that portion of mankind who may be associated in one government, or who may be governed by the same principles and morals. Law is a system of rules, conformable, as must be supposed, to this standard, and devised upon an enlarged view of the relations of persons and things, as they practically exist. Justice is a chaotic mass of principles. Law is the same mass of principles, classified, reduced to order, and put in the shape of rules, agreed upon by this ascertained common consent. Justice is the virgin gold of the mines, that passes for its intrinsic worth in every case, but is subject to a varying value, according to the scales through which it passes. Law is the coin from the mint, with its value ascertained and fixed, with the stamp of government upon it which insures and denotes its current value. * * * Whoever undertakes to determine a case solely by his own notions of its abstract justice, breaks down the barriers by which rules of justice are erected into a system, and thereby annihilates law. * * * To follow the dictates of justice, when in harmony with the law, must be a pleasure; but to follow the rules of law, in their true spirit, to whatever consequences they may lead, is a duty." Duncan v. Magette, 25 Tex. 257, 253.

For the reasons stated herein, I respectfully dissent.