Hubert MURRAY, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–195–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 1985.

Randy Clapp, Edna, for appellant.

Robert E. Bell, Dist. Atty., Edna, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of the offense of driving while intoxicated. Trial was to the jury, who found appellant guilty and sentenced him to five years' imprisonment in the Texas Department of Corrections and a fine of $1,500.00.

Appellant raises six grounds of error on appeal. The first four grounds concern alleged errors committed by the trial court in disallowing certain questions to be asked of potential jurors by appellant's counsel during voir dire examination. In viewing these grounds of error, we are mindful of the rule that decisions about the propriety of questions asked in jury voir dire is left to the discretion of the trial court and review will be only for abuse of discretion. *Ussery v. State*, 651 S.W.2d 767 (Tex.Crim.App.1983); *Patterson v. State*, 598 S.W.2d 265 (Tex.Crim.App.1980). The discretion of the trial court is abused when a proper question about a proper area of inquiry is prohibited. *Smith v. State*, 513 S.W.2d 823 (Tex.Crim.App.1974). Denial of a proper question prevents the intelligent use of peremptory challenges, which is an integral part of defendant's right to counsel. *Florio v. State*, 568 S.W.2d 132 (Tex.Crim.App.1978).

Appellant first argues that the trial court erred in not allowing the following question to be asked of the potential jurors: "Is there anyone in here who feels they would not be able to disagree with the testimony of a police officer?" Appellant cites cases in which the denial of questions similar to the question he asked were determined to be reversible error. *Florio*, 568 S.W.2d at 133; *Hernandez v. State*, 508 S.W.2d 853 (Tex.Crim.App.1974).

These cases are clearly distinguishable from the one at bar by the fact that, in the cases cited by appellant, the trial court's denial of this line of questioning was unequivocal. Here, the trial court never ruled on the state's objection. After the state made its objection, the following dis-

course took place between the court and appellant's counsel:

COURT: All right. Ask the question again and I'll listen to it. Then I'll rule on your objection.

COUNSEL: I'll rephrase the question.

Appellant then asked the veniremen if any of them would give more weight to the testimony of a police officer simply because he was a police officer. There was no objection to this question. Here, there is no showing that appellant was ever denied the opportunity to ask the question. The record clearly shows that he voluntarily rephrased the question and elicited the necessary information from the prospective jurors. Appellant's first ground of error is overruled.

■ Appellant next complains that the court's refusal to allow the following question was reversible error:

... Now the judge is going to instruct you that you should deliberate jointly and you should freely discuss this case among yourselves before you reach a verdict but after you have done this and you have made up your mind honestly and fairly you should give my client Mr. Murray, the benefit of that decision. Now if you're chosen as a juror would all of you have any problem with doing it? What I mean by that is would you refrain from changing your mind after you've already made it up just because you're the odd man out?

MR. BELL: Your Honor, again the State would object. This is an attempt on the part of the defense attorney to get the jurors to commit themselves on a course of deliberation that at this point they're not capable of doing to which the State would object. It's asking them to take the position of inflexibility which the law doesn't require and which is improper. The State would object to it.

THE COURT: I'm going to sustain the objection with regard to the way it was stated.

Counsel did not thereafter attempt to rephrase the question. The trial court is afforded considerable discretion in deter-

mining what questions will be asked of a panel during voir dire examination. *Patterson*, 598 S.W.2d at 272. While it is most proper to ask the jury panel if each would follow his own conscience in arriving at a verdict, the question asked by appellant is unclear. The trial court did not deny appellant the right to question the venire regarding their ability to follow their consciences in the face of adversity. He merely sustained the objection as to the way the question was phrased by counsel. We find no abuse of discretion. Appellant's second ground of error is overruled.

■ Appellant, in his third ground of error, objects to the sustaining of an objection to the following question asked during voir dire: "Can you be that skeptic that I was describing?" This question was objected to by the prosecutor because it asked the prospective juror to be "skeptical" about the evidence. In the context of the record, this line of questioning was appellant's attempt to determine that the prospective jurors would presume the appellant innocent. The objection was sustained, but appellant was allowed to ask the same venireman if he could presume appellant to be innocent until proven guilty. We find that it was well within the trial court's discretion to sustain the objection. This in no way limited any information that appellant was attempting to glean from the panel or the individual juror. Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant claims the trial court erred in sustaining an objection to the following question. The following interaction between appellant and the prospective juror took place:

MR. CLAPP (Defense Counsel): Do you presume Mr. Murray to be innocent?

JUROR MELNAR: Yes. I do have feelings about people endangering the lives of others while driving while intoxicated but this case, I can't say about that.

MR. CLAPP: What kind of feelings do you have?

JUROR: Well, they shouldn't be driving.

MR. CLAPP: Okay. Well, I don't think those feelings are any different than feelings anyone else has, do you?

JUROR: No.

MR. CLAPP: Do you feel that you have an especially strong feeling that people shouldn't endanger the lives of other people?

JUROR: Yes.

MR. CLAPP: Stronger than most other people have?

MR. BELL (District Attorney): I object, Your Honor. It calls for this prospective juror to try to speculate how other people feel about it. She's stated that she would obey the law which would keep people from drinking and driving.

THE COURT: Sustained.

The objection made by the State that the question would require the juror to speculate on the feelings of others was properly sustained. No abuse of discretion is shown. Appellant's fourth ground of error is overruled.

In his fifth ground of error, appellant asserts that the trial court erred in refusing to sustain a challenge for cause a juror who demonstrated bias and prejudice. During the voir dire examination, the following exchange took place with regard to a juror whose nephew had been killed by a driver who was operating a vehicle under the influence of alcohol:

MR. CLAPP: Do you think that that's going to affect your deliberations in this case?

JUROR MARESH: I'll try not to.

MR. CLAPP: You think you might?

JUROR: It's hard to say until I hear the evidence.

　　　*　　*　　*　　*　　*　　*

MR. CLAPP: Assuming that this case doesn't involve a traffic accident at all, do you think that your experience with this case is going to affect you in either deciding guilt or in assessing an appropriate sentence?

JUROR: I'll try not to. I can't say for sure.

MR. BELL: Mr. Maresh, the true test is this: You understand that that incident that occurred that you've just mentioned is totally irrelevant to these proceedings?

JUROR: Right.

MR. BELL: We all come into this world and into this courtroom with certain past backgrounds and experiences. What I want to know from you, and I'm sure the Judge does, it's not can you set that aside totally because you have to take that which brought you here into that jury room to deliberate, but can you not let those feelings that exist, however strong they may be, influence how you deliberate upon the guilt or innocence or the punishment of Mr. Murray. And understanding that you may have feelings about DWIs, in particular, but can you set those aside and base your decision from the evidence presented as opposed to feelings you may have about this incident?

JUROR: I'll try. I can't say for sure.

MR. BELL: Well, we all—No one else can know for sure. But are you telling this Court that you will do that?

JUROR: Yes, I will do that.

When bias or prejudice is not established as a matter of law, it is within the trial court's discretion to determine whether bias or prejudice actually exists to the extent that the prospective juror is disqualified and should be excused from jury service. In order to present reversible error for the refusal of the trial court to grant a challenge for cause, a defendant must show that he was forced to exercise a peremptory challenge to excuse a prospective juror for whom his challenge for cause should have been sustained; he then must show that he exhausted his peremptory challenges and was later forced to accept a juror whom he found objectionable. *O'Bryan v. State*, 591 S.W.2d 464, 473 (Tex.Crim.App.1979). The record shows that appellant utilized one of his peremptory challenges on Juror Maresh. Appellant never stated to the court in a form of objection that he was forced to accept an objectionable juror. In fact, he agreed, in

the record, to use eight peremptory challenges rather than ten because of the shortage of potential jurors the day of trial. Denying the challenge for cause was not error. *See Anderson v. State*, 633 S.W.2d 851 (Tex.Cr.App.1982). The error, if any, was not preserved. Appellant's fifth point of error is overruled.

In appellant's last ground of error, he argues that the evidence was insufficient to prove the element of intoxication beyond a reasonable doubt. Appellant suggests that this is a circumstantial evidence case and it was incumbent upon the trial court to exclude every other reasonable hypothesis except the guilt of appellant. In reviewing the sufficiency of the evidence, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim. App.1984). *See Lopez v. State*, 643 S.W.2d 431 (Tex.App.—Corpus Christi 1982, no pet.).

█ Appellant here asserts that there was insufficient evidence to establish the essential element of intoxication. Bill Davidson testified that he had been employed as a State Trooper for the Texas Department of Public Safety for more than ten years. He testified that, on the evening of September 17, 1983, he observed defendant's vehicle straddled between two lanes. He saw the vehicle pull over near a curb and come back and cross the center stripe. According to Davidson, the vehicle was generally weaving from that point until he stopped the vehicle. He indicated that the actions of the appellant driving his vehicle were consistent with those of an intoxicated driver.

Davidson said that, when he stopped appellant, he stumbled from the vehicle out into the road. Appellant was swaying around and generally unstable upon his feet. According to Davidson, appellant's eyes were bloodshot, and there was a very strong odor of an alcoholic beverage about his person. Davidson administered the intoxilyzer examination to the defendant and testified that it showed the appellant's blood-alcohol content to be 0.17. The presumed rate of intoxication is 0.10. TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(2)(B) (Vernon Supp.1985). It was Davidson's opinion, based upon his experience, that appellant was most definitely intoxicated on that evening while operating a motor vehicle.

Carl Lecocke, a chemist with the Department of Public Safety, testified that he had checked the intoxilyzer utilized to administer the test upon appellant on August 25, 1983 and on September 19, 1983 and found that it was producing accurate results. He verified the 0.17 reading and testified that he believed that the appellant would have lost normal use of his mental and physical facilities by reason of the ingestion of that amount of alcohol.

Conflicting evidence was presented through the testimony of appellant and cross-examination of the State's witnesses. Appellant testified that he drank only three beers on the evening in question during a five-hour period. He also claimed that he took a beer to go. He said that he has trouble with his legs which makes his knee "buckle" and that he weaves when he walks. According to appellant, he was laying formica with wellwood cement on the day of the incident. He was in an enclosed area for a period of 8–8½ hours. He said that the can contained warnings that it should be used only in well-ventilated areas. The cement fumes which he had inhaled contained toluene, dicholoromethane and methyl ethyl ketone, which appellant attempted to prove by cross-examination could have caused the intoxilyzer to register inaccurately.

█ The jury heard all of the evidence and found appellant guilty. We hold that the testimony of the officer as well as the result of the intoxilyzer were sufficient direct evidence to support appellant's conviction. *Annis v. State*, 578 S.W.2d 406 (Tex. Crim.App.1979); *Whisenant v. State*, 557 S.W.2d 102 (Tex.Crim.App.1977); *Dorsche v. State*, 514 S.W.2d 755 (Tex.Crim.App.

1974). We find that the testimony constituted direct evidence of intoxication, and, as such, the state was not required to exclude every other reasonable hypothesis except the guilt of appellant. *See Reneau v. State*, 321 S.W.2d 886 (Tex.Crim.App.1959); *Hayes v. State*, 162 Tex.Cr.R. 660, 288 S.W.2d 771 (1956). Appellant's sixth ground of error is overruled, and the judgment of the trial court is affirmed.